Parker C. J.
... It was objected in this case that the truth of the matter charged as libellous was allowed to go to the jury, in defence, under the general issue. We do not find that it was so ruled at the trial. The defence was, that the matter complained of was made the subject of accusation to the church, of which the plaintiff was a member ; that this body sustained the complaint, acted upon it, and finally withdrew all fellowship from the plaintiff on account of it, it having been substantiated to their satisfaction. Now the law is, that accusations made to a body competent to try the of-fence, cannot be made the subject of an action for slander. All proceedings in courts of justice come within this rule ; so that if the party accusing honestly intended to prefer a complaint, and not to abuse this privilege for the purpose of slandering his adversary, although the matter contained in *334 the complaint would be otherwise libellous, and should be untrue, it cannot be the foundation of an action of this nature.[1] The proper remedy in such cases, is by action for malicious prosecution ; and then if there was no probable cause, and the accuser was influenced by malicious designs, the party injured will obtain satisfaction. 2 Phillipps on Evidence, 109 ; Thorn v. Blanchard, 5 Johns. R. 508 ; Rex v Baillie, 2 Esp. Dig. 91 ; Jarvis v. Hatheway, 3 Johns. R. 180.[2]
It has been objected that this rule will be applicable only in cases where both parties are members of the church ; but if the church sustain the complaint, and the accused submit to their dealing and discipline, it is enough, without evidence of express malice, to excuse the defendant. There was evidence in the case, that the plaintiff intimated a desire or willingness that an inquiry should be made by the church upon a written complaint, there having been previously verbal accusations against him to some members of the church. That the church meeting, after receiving the complaint and partially acting upon it, was dissolved, and a new meeting called at which the decision was had, the plaintiff not being present or notified, may show that injustice was done him by the church, but will not affect the defence, which rests only on the institution of the complaint for the purpose of causing an inquiry in the ordinary way ; the subsequent proceedings were not under the control of the defendants, and however irregular they may have been, cannot prejudice their defence, it being sufficient for the defendants to rebut malice, which might otherwise be presumed from the mere writing or publishing of the complaint, to show that they made their disclosure to a body, who by consent of the plaintiff exercised a watchfulness over his conduct and actions, and to whose censure and discipline he had submitted himself by entering into communion with them. We do not mean to decide that a complaint, containing defamatory matter, to a *335 church against one of its members, by one who is not a member, is not actionable ; but ground our opinion in this case upon the voluntary submission by the plaintiff to the investigation by the church, which he might have refused and resorted to law for his redress.
Had the plaintiff proved, either by showing that there was no probable cause for this complaint, or by other facts, that this measure was resorted to as a pretence, and as a cover to a malicious design to slander the good name of the plaintiff, he would have avoided the defence ;* [1] but it appears by the report, that there was no such evidence, and the verdict of the jury imports that the defendants acted bond fide, in making their complaint.
It is true one of the objections to the verdict is, that the judge stated to the jury that there was no evidence of express malice ; this cannot be complained of, unless it is shown that there was evidence of that nature. We must suppose the plaintiff’s counsel have made the best of their case in the exceptions drawn up by themselves, and as these contain no evidence of malice, we must suppose there was no such" evidence in the case. Had there been competent evidence of malice, although, in the opinion of the judge, not of much weight, so that the declaration that there was no evidence might be construed into an opinion of the effect of such as was offered, this might be incorrect. But even upon that supposition, if the evidence should now appear to us' to be slight, a new trial in a cause of this nature would not be granted for that reason alone ; for it would be idle to send a cause to a new trial upon evidence, which if received would not be sufficient to support a verdict. There was, it seems, evidence offered and read by the defendants tending to prove the truth of the charges in the complaint, other than what *336 resulted from the decision of the church ; but this must be considered as produced to show a probable cause for the complaint, and to rebut any presumption of malice, and so far it was properly received.[1] Had the church refused to receive the complaint, or had the plaintiff objected to it because it did not come from a church member, the action must have been tried by the common principles applied to this kind of action. But as the complaint was sustained, and the plaintiff was willing to put himself upon his defence before the church in the first instance, we think that the principles which have been applied to cases of complaint by one member against another are applicable to this case ; and those principles are settled in the cases in 1 W. Bl. 386 (The King v. Hart) ; 3 Johns. R. 180 ; 2 Phillipps on Evidence, 109.
For these reasons we are of opinion that judgment must be entered on the verdict.

 Woodward v. Lander, 6 Carr. & Payne, 548 ; Cockayne v. Hodgkisson 5 Carr. & Payne, 543 ; Warr v. Jolly, 6 Carr. & Payne, 497.

 Gray v. Pentland, 2 Serg. & Rawle, 23 ; Lake v. King, 1 Saund. 131

 Bodwell v. Osgood, 3 Pick. 379 ; Bradley v. Heath, 12 Pick. 164 ; Bromage v. Prosser, 4 Barn. & Cressw. 247 ; Hawk. P. C. c. 73, § 8 ; 1 Saund. 132, Wms’s note ; Gray v. Pentland, 4 Serg. & Rawle, 423 ; Milom v. Burnsides, 1 Nott & M'Cord, 426, n ; Stark. on Slander, (Amer. ed.) 140. So if he could show that the charges were made to a court not competent to try the case, it has been held that the defence would be avoided. 2 Inst. 228. Though it is said by Hawkins, that the counsel of the party, and not the party himself, would be liable for the mistake. Hawk. P. C. c. 73, § 8.

 See the remarks of Shaw C. J. in Bradley v. Heath, 12 Pick. 164.