Shaw C. J.
delivered the opinion of the Court. Where words imputing misconduct to another are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, or where they are spoken in good faith, to those who have an interest in the communication, and a right to know and act upon the facts stated, no pres imption of malice arises *169 from the speaking of the words ; and therefore no action can be maintained in such cases, without proof of express malice. If the occasion is used merely as a means of enabling the party uttering the slander to indulge his malice, and not in good faith to perform a duty or make a communication useful and beneficial to others, the occasion will furnish no excuse. Bromage v. Prosser, 4 Barn. & Cressw. 247; Starkie on Slander, 200.
We think the case must be governed by this rule. The charge in the two first counts was, that the plaintiff had put two votes into the ballot box. It appears that the defendant was one of the selectmen of the town, and that the words were spoken in open town-meeting, during an election at which the defendant was acting in his capacity as a public officer. It appears to us, that this falls under both branches of the rule stated. It was the duty of the defendant, charged with the proper conduct of the election, to give notice to the citizens there assembled, if any one put in two votes, in order that an investigation might take place and the truth be ascertained, and that, by a new ballot or otherwise, according to the circumstances, the error might be corrected.
And we think, also, it was a communication in which all the voters had an interest. It is not stated what the election was ; but in general it may be said, that every voter has an interest in the purity and correctness of the election in which he participates, and that the putting in of more votes than one, by any voter, is an illegal and wrongful usurpation of the rights of the other voters. It is therefore to be deemed a privileged communication.[1]
Such being the occasion of speaking the words, as it ap peared on the proof of the plaintiff’s case, any evidence which tended to prove that the defendant was acting in good faith, in the discharge of his duty, was competent to repel the charge *170 oi express malice, or colorable pretence. With this view it was competent to show that the manner of the plaintiff’s voting at the time the words were uttered, was such as to excite suspicion and induce a belief, that the plaintiff put in more votes than one. It was in effect proof of probable cause, which is allowable when the occasion of speaking the words affords prima facie evidence of an excuse for speaking them. Remington v. Congdon, 2 Pick. 310. And we think that this in no degree impugns the rule, that in ordinary actions of slander, where the occasion furnishes no prima facie excuse, the truth of the words spoken cannot be given in evidence under the general issue.
As to the instruction to the jury, we think it was sufficiently favorable to the plaintiff, and that the position might have been a little broader in terms, namely, that if they found that the defendant was induced by any cause to believe that the plaintiff did what the defendant said he did, and that the defendant did not speak the words maliciously, they should find for him. But the instruction was precisely adapted to the proof; because the case finds, that there was evidence that it was the conduct of the defendant which tended to induce this belief.

Judgment on the verdict.

 See Robinson v. May, 2 Smith, 3; Fairman v. Ives, 1 Dowl. & Ryl. 252; Gould v. Hulme, 3 Carr. & P. 625, Woodward v. Lander, 6 Carr. & P. 548; Spencer v. Amerton, 1 Mood. & Rob. 470; Rlake v. Pilfold, ibid. 198; Pad more v. Lawrence, 11 Adol. & Ellis, 382; Gray v. Pentland, 2 Serg. & R. 23; S. C. 4 Serg. & R. 420; Flitcraft v. Jenks, 3 Wharton, 158; Hill v. Miles, 9 N. H. R. 9; State v. Burnham, ibid. 35