Reiley vs. Timme.

---

REILEY vs. TIMME.

*September 6 — September 27, 1881.*

SLANDER: *Evidence in defense.*

While, in slander, under sec. 2678, R. S., mitigating circumstances not pleaded cannot in general be shown by affirmative proof, still, where plaintiff has put in evidence a fact not pleaded by him, tending to create an inference of express malice, defendant may rebut that inference by evidence explanatory of such fact.

APPEAL from the County Court of *Milwaukee* County.

Slander, for words charging theft. Plaintiff recovered, and defendant appealed from the judgment. The case will sufficiently appear from the opinion.

For the appellant there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson*.

For the respondent there was a brief by *Ludwig & Somers*, and oral argument by *Mr. Ludwig*.

CASSODAY, J. This is an action of slander. We think there was evidence tending to prove the speaking of the slanderous words substantially as alleged. It seems to be well settled under our statute (section 2678, R. S.), that affirmative proof of mitigating circumstances cannot in general be given in evidence without being specially pleaded. *Wilson v. Noonan*, 35 Wis., 322; *Langton v. Hagerty*, id., 151. This being the rule, the court properly excluded the evidence offered by the defendant in mitigation of damages. The plaintiff was allowed to prove, however, against the objection of the defendant, that about the time of speaking the words the defendant caused him to be arrested for the alleged theft referred to in the slander. The defendant then offered evidence tending to explain the circumstances under which he caused the arrest to be made — not in mitigation of damages caused by the slander, but to show good faith and want of malice on his part in the matter of the arrest, — and that in causing the arrest to be made he had acted under a mistake and upon unfounded information. This offer was made to rebut the inference of express malice, inferable from the plaintiff's proof of the arrest. This offer was excluded by the court. These rulings were excepted to, and are assigned as error.

The evidence given by the plaintiff of the arrest could only be admissible as tending to show *express* malice, and thus aggravating the damages. If evidence of such fact could be properly admitted on the part of the plaintiff without plead-

ing it, to raise the presumption of malice in the defendant, then there would seem to be no good reason why the defendant, without pleading the same, should not have been allowed to disprove or explain the circumstances under which the arrest occurred, to rebut such presumption. Certainly he was not precluded by any allegations in the answer, because neither the answer nor the complaint makes any reference to the arrest. It would be a harsh rule, indeed, to allow one party to give evidence of a collateral fact, not pleaded by either, and then hold the other party concluded by the proof made by his adversary. On the other hand, if we were to take the view suggested by the counsel for respondent, and hold that the mere fact of the arrest did not imply malice, the result would be the same; for, if the proof of the arrest did not tend to prove malice, then the proof was immaterial, and should have been excluded on the defendant's objection. That such proof would be very likely to influence the jury in the assessment of damages, is quite apparent.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for a new trial.