## LEWIS F. WHITE v. MAY WHITE.

No. 15,072.    (90 Pac. 1087.)

### SYLLABUS BY THE COURT.

1. PETITION—*Non-resident Plaintiff—Residence and Post-office Address—Knowledge of Defendant.* A failure to enforce chapter 327 of the Laws of 1905 by requiring a plaintiff who does not reside in the county where suit is commenced to state in the petition his or her place of residence and post-office address is error, but where it appears that the defendant is familiar with the facts not stated the error is harmless and immaterial.

2. HUSBAND AND WIFE—*Alienation of Affections—Damages— Pleading.* In an action by a wife for the alienation of the affections of her husband a statement in the petition of the ultimate facts of the alienation and separation is enough, without pleading the acts done and artifices used to accomplish the result.

3. EVIDENCE—*Admissions.* In such an action statements of the defendant, made after the parties have separated, are competent evidence when they amount to an admission of responsibility for the acts alleged in the petition.

4. —— *Secondary—Contents of a Letter.* The contents of a letter may be shown by secondary evidence when it appears that the original is not in the possession or under the control of the offering party, and is so situated that such party could not by the use of the legal means applicable to such cases have produced it, the same as when the original is shown to be destroyed.

5. —— *Opinion.* Where a witness is describing the manner and attitude of persons engaged in a conversation which he does not hear, it is not improper to permit the witness to characterize the action of one of the speakers as gesticulating

"as though he was very angry" or standing with his head down·"as though he was crying."

6. HUSBAND AND WIFE—*Alienation of Husband's Affections— Evidence of Motive.* In an action of the kind mentioned it is proper for the plaintiff to show as a motive on the part of the defendant to do the acts complained of that he entertained a feeling of hatred toward her, and for this purpose it would be competent to show that he had made improper overtures to her which resulted in disappointment to him.

7. —————— *Evidence of Defendant's Financial Condition.* In actions involving malice, and where exemplary damages may be properly awarded, the financial condition of the defendant may be shown.

8. —————— *Plaintiff's Ante-nuptial Reputation for Chastity.* In an action by a wife for the alienation of the affections of her husband her general reputation for chastity at the time of her marriage is immaterial, and constitutes no defense where it did not, to some extent, cause the separation.

Error from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed June 8, 1907. Affirmed.

*J. D. McFarland, A. G. Mead,* and *Burnham & Dashiell,* for plaintiff in error.

*Kagey & Anderson,* and *Pulsifer & Hunt,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error is the father-in-law of the defendant in error, who commenced this action against him in the district court of Mitchell county, March 15, 1905, to recover damages for alienating the affections of her husband and causing their separation. She recovered a judgment of $2000, and he brings the case here for review.

The first error complained of is the refusal of the court to require the plaintiff to state her place of residence and post-office address in her petition. It appears from the petition that she was a non-resident of Mitchell county up to within a few days before the

action was commenced, and under the provisions of chapter 327 of the Laws of 1905 the motion should have been allowed. However, it also appears that the defendant was a frequent visitor at her home and was familiar with her residence and post-office address. The error was therefore harmless.

Complaint is made of the court for refusing to require the plaintiff to make her petition more definite and certain by stating more specifically the facts showing how and in what manner the defendant accomplished the alienation of her husband's affections. Upon this point the petition avers that the defendant, about December 25, 1904, conceived an intense dislike for the plaintiff, and thereafter persistently urged, coaxed and entreated her husband to leave and separate from his wife; that he advised with lawyers as to the best methods by which a separation and divorce could be secured, wrote letters to plaintiff's husband urging and entreating him to separate from her immediately, and advised him to induce her to consent to a separation by the payment of money, if necessary; that he visited the plaintiff and her husband at their home and there persisted in his efforts to effect a separation, stating to the plaintiff that he would not permit his son to live with her, and by this course of conduct he finally succeeded in causing his son to leave the plaintiff. These averments were sufficient to inform the defendant of what he might expect upon the trial and enable him to make preparation therefor. We do not think this ruling of the court was material error. (*Nevins v. Nevins,* 68 Kan. 410, 75 Pac. 492.)

The plaintiff was permitted to testify to the contents of a letter which she said her husband received from his father, the defendant. This is alleged to be error. The plaintiff found the letter on her husband's desk and read it, after which she replaced it upon the desk. She did not see it afterward. When they moved out of the house she made a thorough search but was unable to find it. We think this evidence was properly

admitted. The letter was not in her possession or under her control. It was presumably in the possession of her husband. She could not make a witness of him and compel him to produce it. She was in a position where the letter would be unavailing to her if she were not permitted to state its contents. If it had been shown that the letter was destroyed this objection probably would not have been made. The same reason exists here for the admissibility of its contents —she was unable to produce the letter.

The defendant also complains of the admission in evidence of his acts prior to and after the parties actually separated. The plaintiff fixes this date at February 24, 1905. It is not alleged that the defendant accomplished the act complained of in one day, nor is it reasonable to suppose that it could be done within such a short period. A long and persistent course of conduct, consisting of many different transactions, which would be competent and material testimony, might be required. The evidence here objected to occurred within less than a week prior to the actual separation, and within two days thereafter. Especial complaint is made on account of the admission of a conversation had by a neighbor with the defendant on February 26, which it is claimed was after the separation. In fact, however, the separation had not become final at that time. They last slept together February 23, but were otherwise together about the house and premises until after the sale on the 24th. The plaintiff was still hopeful that a separation would be averted, and at or about the time the conversation objected to occurred she made a last appeal to her husband to remain with her. The conversation was admissible evidence against the defendant without reference to when it was made. It was a direct admission of the acts charged against him. The witness said:

"I asked Mr. White if they had quit living together —that is, Charles L. White and his wife—and he said they had quit; he said, 'we have stood it as long as

we could;' he said that they got her and him to move down there to get them away from her folks, and he said they had followed them down here, got down to Frankfort, and he said they even went so far as to check Charley's money out for her folks while he was out there at home visiting, and he said 'we could not stand it any longer.' He said he told Charley, 'let's come back home and see if you can't start right,' and that ended it."

There was other evidence of the same import. We do not understand that an admission like this should be excluded because made after the act has been accomplished.

Further complaint is made of the court for permitting the plaintiff to describe the actions and manner of her husband and his father during a conversation had by them in the dooryard, beyond her hearing but within her view. She described the defendant as gesticulating while talking, "as though he was very angry," and her husband as standing quietly with his head down, "as though he was crying." This is said to be objectionable because stating a conclusion and expressing an opinion. As no part of the conversation was heard we are unable to see how the testimony could have been prejudicial, even if erroneous. If the attitude of the parties was material, the evidence thereof was properly given; so, in any event, no material error can be predicated thereon.

Objection is also made to evidence of the plaintiff in which she stated that about December 25 the defendant made improper advances toward her, which she repelled, whereupon he threatened to make her regret her conduct. ·This is criticized as being immaterial and not tending to prove any averment in the petition. The petition does allege that about this date the defendant conceived an intense dislike for the plaintiff. This evidence tends to sustain that allegation, and also to show a motive for the alleged desire of the defendant to cause the plaintiff and her husband to

White v. White.

separate. We cannot say that its admission was er-
roneous. (*Nevins v. Nevins,* 68 Kan. 410, 75 Pac.
492.)

It appears that defendant's father, after plaintiff's
marriage and before the acts complained of, died leav-
ing a large estate to the defendant and his three chil-
dren, and by a settlement between the legatees the
defendant became the owner of an estate worth from
$40,000 to $50,000. As a part of the influences used
by him to cause his son to abandon plaintiff, he threat-
ened to disinherit him if he remained with the plain-
tiff. Evidence to this effect was admitted over the
objection of the defendant. Its admission is justified
upon the ground that the financial ability of the de-
fendant is generally admissible in cases where exem-
plary damages are permissible (12 A. & E. Encycl.
of L. 47; *Beck v. Dowell,* 111 Mo. 506, 20 S. W. 209,
33 Am. St. Rep. 547; *Coleman v. Allen,* 79 Ga. 637,
5 S. E. 204, 11 Am. St. Rep. 449), and also for the
purpose of showing the weight of influence which such
a threat might have upon the conduct of the plaintiff's
husband. In actions of this kind exemplary damages
may be awarded (*Beck v. Dowell, supra; Nevins v.
Nevins,* 68 Kan. 410, 75 Pac. 492), and such damages
were allowed in this case. We think the evidence was
properly admitted.

There are other objections made to the introduction
of evidence, on the part of the plaintiff, of the same
general character as those mentioned, but after ex-
amination thereof we do not find that error was com-
mitted and they need not be considered further.

The jury returned special findings of fact, a part of
which read:

"(5) Ques. Do you find from the evidence that the
husband of the said plaintiff separated from the plain-
tiff because of the advice and counsel of the defendant?
Ans. Yes."

"(7) Q. If you find in favor of the plaintiff and al-
low her any damages, state what amount you allow

her for the loss of the society of her husband. A. $100.

"(8) Q. If you find in favor of the plaintiff, what amount, if any, do you allow her for the loss of support? A. $1700.

"(9) Q. If you find in favor of the plaintiff, what amount, if any, do you allow for mental anguish and injury to her feelings? A. $100.

"(10) Q. If you find in favor of the plaintiff, what amount, if any, do you allow for exemplary or punitive damages? A. $100.

"(11) Q. If you answer question No. 5 in the affirmative, was not such advice and counsel given and offered to the husband of the plaintiff by the defendant on account of his desire for the welfare and happiness of his son? A. No.

"(12) Q. If you answer question No. 5 in the affirmative, was such advice and counsel on the part of the defendant given with the wilful and malicious intent on his part to take away the plaintiff's husband from her? A. Yes."

From these findings it appears that the defendant maliciously alienated the affections of the plaintiff's husband and caused the separation.

Complaint is made of the exclusion of evidence offered by the defendant tending to show the general reputation of the plaintiff for chastity at the time of the marriage. It is not alleged in the answer that the separation was caused by this fact, or even that it had ever come to the knowledge of the plaintiff's husband, nor did the defendant offer to show that this reputation had any influence whatever in causing the estrangement, and no evidence was offered which would justify such an inference. On the contrary, the testimony shows that the young couple lived happily together until the acts averred in the petition occurred. However unchaste a young woman may be before her marriage, if she and her husband afterward live together in peace, affection and marital happiness a third person cannot invoke her past conduct as a defense for maliciously wrecking the home and destroying her

Denton v. Atchison.

happiness. The evidence could have no legitimate purpose in the trial of the case, and was properly excluded.

Several other questions were contained in the brief and argument of counsel, but we think they have been covered by what has already been stated and will not consider them further.

Each special finding of fact returned by the jury was assailed by a motion to set it aside as not supported by the evidence, and also by the motion for a new trial. These motions were denied. They are therefore binding here on all the facts involved.

The judgment is affirmed.