No. 19,407.

ETTA CONRAD, *Appellee*, v. MAGGIE L. ROBERTS,
*Appellant*.

SYLLABUS BY THE COURT.

1. SLANDER—*Evidence in Chief of Plaintiff's Reputation Improper—But Not Material Error*. In an action for slander plaintiff was permitted over defendant's objections to offer evidence in chief of her reputation and character. *Held*, that the evidence was not admissible in chief, but since it only tended to prove a fact which the law will presume, its admission was not material error.

2. SLANDER—*Proof of Facts Not Alleged in Petition—May be Proven True or Justified under a General Denial*. In such an action where the plaintiff for the purpose of showing malice proves the utterance of words not alleged in the petition, the defendant may then prove the truth of these matters under a general denial, or may offer evidence showing conduct of the plaintiff which would excuse or justify the language.

3. SLANDER—*What May be Shown under General Denial and Plea of Privilege*. Where the defense consists of a general denial and a plea that the matter was privileged, the defendant may, notwithstanding neither justification nor mitigating circumstances has been pleaded, prove the truth, or may prove conduct of the plaintiff justifying the utterance of the words.

4. SLANDER—*Conversation between Husband and Wife—Privileged*. Where the presence of bystanders at a conversation between husband and wife is a mere casual incident not in any sense sought for by the defendant, the latter will not be deprived of the privilege.

5. SLANDER—*Conversation between Husband and Wife—Erroneous Instruction*. In an action for slander the defendant pleaded a qualified privilege that the words were spoken in a conversation with her husband at a time when she understood her husband was liable to be arrested for his conduct with the plaintiff and another woman where he lived, and that it would result in disgrace being brought upon their family, and that she desired to warn him in the protection of his own interests as well as that of the family. *Held*, that an instruction charging that if a third person overheard what was said the matter was not privileged unless such person was a mere eavesdropper, was error. ·

Conrad v. Roberts.

Appeal from Ford district court; GORDON L. FINLEY, judge. Opinion filed April 10, 1915. Reversed.

*Leonard S. Ferry, Thomas F. Doran,* and *John S. Dean,* all of Topeka, for the appellant.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued to recover damages for an alleged slander. The petition contained five counts. The cause was submitted to the jury upon the third and fourth counts only, and upon both of these there was a verdict for the plaintiff. A motion for a new trial was overruled and judgment rendered, from which defendant appeals.

The third count alleged, in substance, that defendant, in a conversation in the hearing of George McKinney, maliciously charged the plaintiff with being a whore. To this cause of action the defendant answered by a general denial. The fourth count alleged, in substance, that defendant in a certain conversation in the presence and hearing of plaintiff's sister, Velma Warder, and C. M. Roberts, falsely and maliciously charged the plaintiff with running a whore house. To this cause of action the defendant filed a general denial and a special defense that the matter was privileged; that C. M. Roberts is the husband of the defendant; that she called at a house owned by her husband, which she understood at the time was occupied by him and the plaintiff; that she found her husband in his bedroom, and with him the plaintiff's sister, Velma Warder; that she informed her husband that she desired to speak to him, and called him to the outside door of the house, leaving, as she understood, said Velma Warder in the bedroom; that she then told her husband that "if he did not look out he would be arrested"; that her husband said: "Do you mean to call these women

whores?" That she said, "I never use that language,"
and that her husband then said to her, "Do you mean
to say that this is a disorderly house?" And that she
said, "It looks like it."

It appears that sometime before this conversation
the defendant and her husband had separated and were
living apart; he owned several houses and occupied one
a few doors from the house where defendant lived.
Mr. Conrad and Mrs. Conrad, the plaintiff, and her
sister, Velma Warder, lived in the house with him.

The first error complained of is that the court per-
mitted the plaintiff to prove her good reputation and
character. One ground of the objection is, that the evi-
dence was not confined to the reputation of the plaintiff
at the time the alleged slanderous statements were
made. The witnesses testified to her reputation in the
town of Fowler, where she lived for a year or more
prior to removing to Dodge City. She had moved from
Fowler to Dodge City in November, 1911, and the peti-
tion charges slanderous statements made by defendant
on January 25, 1912, and on May 30, 1912. So far as
the time is concerned, we think it can not be said that
it was too remote. The principal ground urged in sup-
port of the objection to the testimony is, that it is never
competent for the plaintiff to offer evidence in chief of
reputation and character in an action for slander. A
number of cases in support of this doctrine are cited in
the brief. While the evidence should not have been
admitted in chief, on the ground that the law presumes
until the contrary is shown that plaintiff has a good
reputation, still, the admission of testimony to prove a
fact which the law will presume can not be regarded
as material error. (*Stafford v. M. J. Assn.*, 142 N. Y.
598, 37 N. E. 625.) Aside from any authorities upon
the subject this court would not reverse a judgment for
such an error.

The ground of the next complaint is that the court
excluded certain testimony offered by defendant, and

the question is whether in an action for slander, where neither justification nor mitigating circumstances has been pleaded, evidence is admissible under a general denial which tends to establish the truth of the slanderous words.

Mrs. Weingarth was one of defendant's witnesses whose testimony was excluded and afterwards produced on the motion for a new trial. We think her testimony was admissible for the following reasons:

Over the defendant's objections the court permitted the plaintiff to offer proof under the first cause of action, which charged the utterance of certain words in the presence of Maggie McKinney. Afterwards the court concluded that the first count stated no cause of action, and withdrew all evidence under it, but, over the defendant's objections, instructed that the jury might consider the evidence under this count so far as it tended to show malice on the part of defendant. Now there is a rule supported by well-considered cases, and we think resting upon sound reasoning, that where the plaintiff, for the purpose of showing malice, proves the utterance of words not "laid" in the petition, defendant may then prove the truth of these matters under a general denial. It would seem to be only fair that if the evidence introduced under the cause of action afterwards withdrawn from the consideration of the jury was proper to be considered for the purpose of showing malice, then the defendant should have been permitted to introduce the evidence showing conduct of the plaintiff which would excuse or justify the language. The rule should and does work both ways, and if the plaintiff is permitted to prove express malice, the defendant may offer evidence to disprove it.

In *Reiley v. Timme,* 53 Wis. 63, 10 N. W. 5, plaintiff, over defendant's objections, was allowed to prove that at about the time the words were spoken the defendant caused him to be arrested for the alleged theft referred to in the slander. The court refused to permit the

defendant to explain the circumstances under which he caused plaintiff's arrest. The judgment was reversed. In the opinion it was said:

"If evidence of such fact could be properly admitted on the part of the plaintiff without pleading it, to raise the presumption of malice in the defendant, then there would seem to be no good reason why the defendant, without pleading the same, should not have been allowed to disprove or explain the circumstances under which the arrest occurred, to rebut such presumption. . . . It would be a harsh rule, indeed, to allow one party to give evidence of a collateral fact, not pleaded by either, and then hold the other party concluded by the proof made by his adversary." (pp. 64, 65.)

In *Tatlow v. Jaquett,* 1 Harr. (Del.) 333, 26 Am. Dec. 399, it was ruled that other slanders not pleaded, but given in evidence to show malice, may be justified without pleading as to them.

"Where plaintiff has put in evidence a fact not pleaded by him tending to show express malice, defendant may without a special plea rebut by showing evidence explanatory of the fact." (25 Cyc. 480; *Henry v. Norwood,* 4 Watts, [Pa.] 347; *Burke v. Miller,* 6 Blackf. [Ind.] 155.)

Under the first count, which did not in fact state a cause of action, the plaintiff offered evidence, which remained in the record over defendant's objections, for the sole purpose of proving express malice. Plaintiff's situation was the same as if she had not pleaded the facts, and had introduced the evidence without any pleading with reference thereto. In Newell on Slander and Libel, 3d ed., § 954, commenting upon what may be proved under a general denial, the author says that while "the truth cannot be shown in mitigation of damages, yet any facts or circumstances which will rebut or repel the presumption of malice are properly admissible under this plea." The evidence of witness Mrs. Weingarth should have been admitted so

far as it tended to disprove malice, since the cause of action under which the plaintiff's evidence was admitted was in effect stricken from the petition.

Other testimony offered by the defendant was excluded on the ground that it tended to prove the truth of the statements without any plea of justification. We think this evidence was admissible. The defense pleaded to one of the causes of action was that the matter was privileged, and it is a rule that where the matter is privileged the defendant may under the general denial prove the truth or conduct of the plaintiff justifying the utterance of the words. (*Bradley v. Heath*, 29 Mass. 163, 22 Am. Dec. 418.) In the latter case Chief Justice Shaw used this language:

"Where words imputing misconduct to another are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, or where they are spoken in good faith, to those who have an interest in the communication, and a right to know and act upon the facts stated, no presumption of malice arises from the speaking of the words; and therefore no action can be maintained in such cases, without proof of express malice. If the occasion is used merely as a means of enabling the party uttering the slander to indulge his malice, and not in good faith to perform a duty or make a communication useful and beneficial to others, the occasion will furnish no excuse. *Bromage v. Prosser*, 4 Barn. & Cressw. 247; Starkie on Slander, 200. . . . Such being the occasion of speaking the words, as it appeared on the proof of the plaintiff's case, any evidence which tended to prove that the defendant was acting in good faith, in the discharge of his duty, was competent to repel the charge of express malice, or colorable pretense." (pp. 164, 165.)

To the same effect see *Lawson v. Hicks*, 38 Ala. 279, 81 Am. Dec. 49, Note, 56; *Holt v. Parsons*, 23 Tex. 9, 76 Am. Dec. 49; *Edwards v. Chandler*, 14 Mich. 471, 90 Am. Dec. 249. The reason of the rule is stated to be that in order for the plaintiff to recover where the communication is privileged he must affirmatively prove

express malice, and for the defendant to prove the truth of the statement is merely to prove a denial of something which the plaintiff was bound to prove. (See, also, *Remington v. Congdon,* 19 Mass. 310, 13 Am. Dec. 431; *Cranfill v. Hayden,* 22 Tex. Civ. App. 656; 25 Cyc. 481.)

The defendant asked the following instruction:

"You are instructed that conversations between husband and wife are privileged, hence the repetition or use of words spoken of or concerning another in a conversation between the husband and wife in conversation intended to be private between the two, would not furnish any foundation for an action for slander and the fact that some third person not supposed by the parties to be present or to hear the conversation, happened to be near enough to hear, would not constitute the publication of the same."

The court refused this instruction and gave in its stead the following:

"Private communications between husband and wife concerning a third person do not amount to a publishing of slander; but if such communications are so made that others may and do overhear the same, it is such publishing. If, however, a husband and wife attempt to hold a private conversation and do so under circumstances and in tones that would naturally not be overheard by others, the language they used could not be deemed to be published, although some other person by purposely eavesdropping did in fact overhear what was said."

"Defendant further denies that she said anything to or in the hearing of Miss Warder. If any language used by defendant was only heard by her husband, there was no publishing of slanderous words and plaintiff could recover nothing under such claim. If defendant did in fact use the language charged in the fourth count, but only to her husband, and after making reasonable effort to make such conversation a private one between themselves alone, and the witness, Miss Warder, only, overheard the same by eavesdropping without the knowledge of defendant, in such event there would be no publishing of such language that would warrant an action against her thereon for damages."

Conrad v. Roberts.

In our opinion the instruction given does not correctly state the law. Conversations between husband and wife are privileged, and unless the jury believed that the statement in this instance, though made in the presence of the husband, was intended to be heard by others, it was privileged. It was something more than a privilege. It was the duty of the wife to communicate to the husband any knowledge, belief or information which she might consider it proper for the husband to know or which might influence his conduct affecting the marriage relation.

The defendant testified that she understood her husband was liable to be arrested for his conduct with the women at the house where he lived, and that it would result in disgrace being brought upon their family, and that she desired to warn him in the protection of his own interest as well as that of the family. Now, whether this was true or not, she was entitled to have the cause submitted to the jury upon that theory. If they believed her testimony she had established a defense as to the fourth cause of action.

"The defendant is entitled to judgment if the jury find that he reasonably acted under an honest sense of duty, desiring to serve the person most concerned, and not from any self-seeking motive." (Odgers on Libel and Slander, 1st ed., p. 214.)

"Communications made between relatives for the protection of or in furtherance of their common interests are conditionally privileged." (25 Cyc. 397.)

In Odgers on Libel and Slander, 5th ed., p. 159, it is said that communications between husband and wife are held sacred. "They are clearly privileged. In cases apart from the Married Women's Property Acts, there is in law no publication where the words merely pass between husband and wife." Where the words are absolutely privileged, malice is immaterial; where the privilege is a qualified one, express malice must be shown. (25 Cyc. 411.)

In substance, the court charged that if a third person overheard what was said, the matter was not privileged unless such person was a mere eavesdropper. On the contrary, it was privileged though a third person without being an eavesdropper heard it, provided it was made in good faith.

"Where the presence of bystanders is a mere casual incident, not in any sense sought for by the defendant, he will not be deprived of his privilege." (18 Am. & E. Encycl. of L. 1047, and cases cited in Note 3.)

The record contains the opinion of the trial court denying a motion for a new trial, and it appears that the court concluded there was no error in the instructions respecting privilege for the reason that in the opinion of the court the relation of husband and wife no longer existed in fact, since they had separated and were living apart at the time, and because the evidence disclosed an entire lack of affection or regard for each other by the husband and wife, and that therefore the matter could not be regarded as privileged in any sense. In this view we think the trial court was wrong. Notwithstanding the defendant and her husband had separated and had divided their property, no court could say that they might not at some future time resume their marriage relations and forget and forgive their past differences. It is the policy of the law to encourage this rather than to discourage it. The evidence is that the defendant and her husband have several adult children who are married. The fact that they have separated and no longer manifest affection or regard for each other would not destroy the marriage relation. They are still husband and wife, and when they communicate with each other the law protects statements made in good faith by one to the other and regards the communication as privileged.

The judgment will be reversed and the cause remanded for another trial.