No. 22,074.

O. L. WINANS, *Appellee*, v. JAMES CHAPMAN, *Appellant.*

SYLLABUS BY THE COURT.

1. SLANDER—*Exemplary Damages — Evidence — Financial Condition of Defendant.* In an action to recover damages for slander, where exemplary damages may be properly awarded, evidence may be introduced to prove the financial condition of the defendant.

2. SAME—*Evidence—Identity of Party Slandered.* In several of the conversations had by the defendant, he did not specifically name the plaintiff as the person talked about. Those who heard those conversations were permitted to testify that they understood that the defendant was speaking of the plaintiff. Under the circumstances surrounding and attending those conversations, that evidence was admissible.

3. SAME—*Evidence—Other Slanderous Statements to Show Malice.* In such an action, evidence is properly admitted to prove accusations other than those alleged in the petition, for the purpose of showing malice on the part of the defendant, and for the purpose of showing that he referred to the plaintiff.

4. SAME—*General Damages—Exemplary Damages.* In such an action, exemplary damages may be given, where substantial general damages are allowed, although there is no evidence to fix the amount of such damages, nor to prove that any special damages were sustained.

Winans v. Chapman.

5. SAME.—*General Verdict—Consistent Findings.* A general verdict will
not be set aside on account of special questions, where the answers
thereto are not contradictory to the general verdict, but are consistent
therewith.

Appeal from Johnson district court; JABEZ O. RANKIN,
judge. Opinion filed April 12, 1919. Affirmed.

*F. R. Ogg, Charles C. Hoge,* both of Olathe, and *A. H. Skin-
ner,* of Kansas City, for the appellant.

*C. L. Randall,* and *J. W. Parker,* both of Olathe, for the ap-
pellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment
against him for slander. The petition set out three causes of
action; each charged that the defendant had spoken slanderous
words of the plaintiff. In the first and second causes of action,
the language used by the defendant accused the plaintiff of
stealing chickens, and in the third, of stealing other personal
property. Each charged the use of language that was action-
able *per se.*

1. Complaint is made of the introduction of evidence on be-
half of the plaintiff, tending to show the defendant's wealth, or
his reputation for wealth. The evidence was unsatisfactory,
because the witness did not know what property the defendant
owned or what he controlled, but the witness finally testified
that the defendant was running a farm of 280 acres. Because
of its unsatisfactory nature, the evidence was not prejudicial,
even if it had been inadmissible; but it was admissible under
*White v. White,* 76 Kan. 82, 90 Pac. 1087, where this court
said:

"In actions involving malice, and where exemplary damages may be
properly awarded, the financial condition of the defendant may be shown."
(syl. ¶ 7.)

This rule obtains in civil actions for slander. (*Conrad v.
Roberts,* 95 Kan. 180, 184, 147 Pac. 795; 25 Cyc. 508; Newell
on Slander and Libel, 3d ed., § 1035.)

2. In some of the slanderous statements made by the de-
fendant, he did not refer to the plaintiff by name. Several of
the witnesses who heard these statements were permitted to

testify that they understood that the defendant was speaking of the plaintiff. The defendant complains of the admission of that evidence. The weight of authority is that it was competent. (17 R. C. L. 406; 25 Cyc. 493; Note, 48 L. R. A., n. s., 364-369.) *Eckert v. VanPelt*, 69 Kan. 357, 359, 76 Pac. 909, gives support to the rule that the evidence was admissible.

3. Complaint is made of the admission of evidence tending to prove that, at times other than those named in the petition, the defendant stated that the plaintiff had committed the larcenies that have been described. That evidence was properly admitted to establish that the defendant referred to the plaintiff in the conversations testified to by witnesses where the defendant did not specifically name the plaintiff (25 Cyc. 493), and was admissible for the purpose of showing actual or express malice on the part of the defendant toward the plaintiff. (25 Cyc. 497; Newell on Slander and Libel, 3d ed., § 432.) In criminal prosecutions, evidence of other similar acts may be introduced for the purpose of showing intent or motive. (*The State v. Harris*, 103 Kan. 347, 175 Pac. 153; *The State v. Shumaker*, 103 Kan. 741, 175 Pac. 978.)

4. Three separate questions were submitted to the jury, and were answered by it as follows:

"1. Did the defendant make other similar statements of and concerning the plaintiff, to those charged in the petition? Answer. Yes.

"2. How much do you allow for actual damages? Answer. $300.00.

"3. How much do you allow for punitive or exemplary damages? Answer. $500.00."

The defendant argues that the first question should not have been submitted, for the reason that there was no evidence to prove actual damages, and that, therefore, punitive damages could not be awarded. The defendant is evidently trying to draw a distinction between actual damages and general damages, and make actual damages synonymous with special damages. Actual damages include both general and special damages. (1 Words and Phrases, 155, 156; 1 Words and Phrases, 2d series, 91, 92.)

"The common law recognizes two classes of damages in libel cases—general and special. General damages are those which the law presumes must naturally, proximately and necessarily result from the publication of the libelous matter. They arise by inference of law and are not required to be proved by evidence." (*Hanson v. Krehbiel*, 68 Kan. 670, 672, 75 Pac. 1041.)

Winans v. Chapman.

The jury found that the plaintiff sustained actual damages in the sum of $300. The language used by the defendant accused the plaintiff of having committed crimes. The language was actionable *per se,* and the law presumes that damages necessarily resulted from the defendant's statements. (*Miles v. Harrington,* 8 Kan. 425; *Roniger v. McIntosh,* 91 Kan. 368, 370, 137 Pac. 792; *Hatfield v. Printing Co.,* 103 Kan. 513, 175 Pac. 382.) Such damages are actual damages. (*Hanson v. Krehbiel,* 68 Kan. 670, 672, 75 Pac. 1041.) The finding of the jury, that actual damages were sustained, was sufficient to support an allowance for punitive damages, if the words were spoken maliciously. (*Hess v. Sparks,* 44 Kan. 465, 25 Pac. 580.)

5. The defendant argues that the question numbered one was not in proper form to support a finding of malice. Malice was found by the general verdict. The answer to the question does not overthrow that finding, but supports it. In order to sustain the defendant's argument, the answer should have been contradictory to the general verdict. (*Burzio v. Railway Co.,* 102 Kan. 287, 292, 171 Pac. 351, and cases there cited.)

The form of questions numbered two and three is also criticized, but the criticism is without foundation. The questions merely separated the actual or general damages from the punitive or exemplary damages, and did not in any way conflict with the general verdict.

The judgment is affirmed.