No. 26,428.

ALCIDE O. BENELLI, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Pleading and Proof—Conjunctive Allegations.* In an action for damages for personal injuries caused by negligence of defendant, when plaintiff pleads several acts of negligence in the conjunctive in the same paragraph of the petition, it is not essential to his recovery that he prove all of the acts of negligence so alleged.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed February 6, 1926. Reversed.

C. O. Pingry, of Pittsburg, and D. G. Smith, of Girard, for the appellant.

William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong, all of Topeka, and B. S. Gaitskill, of Girard, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries. It was tried to a jury, which answered special questions and returned a general verdict for plaintiff. The defendant's motion for judgment

Negligence, 29 Cyc. pp. 565 n. 77, 587 n. 59; 27 L. R. A. n. s. 792; 20 R. C. L. 177. Pleading, 31 Cyc. p. 74 n. 44.

in its favor upon the answers to special questions, notwithstanding the general verdict, was sustained. The plaintiff has appealed.

The petition alleges, in substance, that plaintiff was employed by defendant as a locomotive engine supply man; that while so employed and in the line of his duty and course of his employment he slipped from the steps of the engine and fell and sustained injuries, which are detailed. As to the cause of the injury, it was alleged:

". . . that the said injury was caused on account of the steps on the tender of said locomotive being bent under the said tender and being pitched downward and on account of grease being on said step; that on account of said steps being bent under said tender and being pitched downward and on account of the grease on said steps the said plaintiff, in attempting to use said steps to descend from said engine, slipped and was thrown to the ground and struck his head, back, shoulder and spine and was injured as aforesaid."

There were also allegations that defendant knew, or by the exercise of ordinary care could have known, of the unsafe condition of the steps, as above set out, and that defendant was negligent in failing to furnish plaintiff a safe place in which to work. The answer was a general denial and a plea of contributory negligence and assumption of risk.

The jury answered special questions as follows:

"1. What negligence do you find of which the defendant was guilty? Grease on step.

"2. What, if anything, was wrong with the steps or either of them, and which step was out of order, if either was? Grease on right step.

"3. What did the plaintiff have in his hand at the time he started to come down off of the engine? One tool box and two oil cans.

"4. If you find the step was out of position, when did it become so? We didn't find it out of position.

"5. If you find the step was out of position, how long had it been so out of position? We didn't find it out of position.

"6. Was the step at the time plaintiff stepped from the cab floor back under the cab or tender? No."

In setting aside the general verdict for plaintiff and rendering judgment for defendant the court found:

"That the motion of the defendant for judgment on the answers of the jury to the special questions should be sustained, for the reason that only one act of negligence is alleged in plaintiff's amended petition, which act of negligence consists of the concurrence of the step on the tender of said locomotive being bent under the tender and being pitched downward and on account of grease being on said steps; and that the failure of the jury to find that said steps were out of condition was a failure of the jury to find the existence of an element necessary to constitute negligence on the part of defendant."

Benelli v. Atchison, T. & S. F. Rly. Co.

Was the trial court correct in interpreting the allegations of negligence in the petition? This is the sole question presented by this appeal. The petition avers the injury was caused "on account of the steps . . . being bent" out of the usual position, "*and* on account of grease being on said steps." Does the use of the conjunction "and" so unite the matters complained of as to require plaintiff to prove that the step was not only bent out of its natural position, but that it was greasy, before he could recover?

In an action such as this all the different acts of negligence on the part of defendant which caused the injury may be alleged in one paragraph. (29 Cyc. 565.) It is proper to plead them in the conjunctive; to plead them in the alternative destroys certainty in pleading. (31 Cyc. 74; 6 Ency. P. & P. 268; 21 R. C. L. 471, and cases cited.) When several acts of negligence are alleged it is not essential for plaintiff to prove all of them in order to recover. Proof of one of several alleged acts of negligence is sufficient. In 20 R. C. L. 177, it is said:

"Where, however, several grounds of liability are alleged, proof of one will be sufficient to authorize a recovery." (See, also, *Brown v. Utilities Co.,* 110 Kan. 283, 203 Pac. 907; *Hoskinson v. Smyser,* 95 Kan. 568, 148 Pac. 640; *Tecza v. Sulzberger & Sons Co.,* 92 Kan. 97, 98, 140 Pac. 105.)

The record discloses no motion to make the petition more definite and certain, no objection to submitting special questions 1 and 2, and no motion to set aside answers to these questions. Construing the pleadings, the answers to special questions 1 and 2, and the general verdict, the jury found that defendant was negligent in having a greasy step, that this was the proximate cause of plaintiff's injury, and that plaintiff was not guilty of contributory negligence, and had not assumed the risk. If these things are true, whether the step was bent is immaterial. A motion for judgment upon special findings, notwithstanding the general verdict, concedes for the purpose of the motion that the special findings are supported by the evidence. The motion should not be sustained unless the answers to the special questions are so inconsistent with the general verdict that the latter cannot stand. (27 R. C. L. 879; 38 Cyc. 1927, 1930; *Tarin v. Railway Co.,* 98 Kan. 605, 158 Pac. 874; *Bank v. Stroup,* 100 Kan. 17, 444, 164 Pac. 1054; *Burzio v. Railway Co.,* 102 Kan. 287, 171 Pac. 351; *Winans v. Chapman,* 104 Kan. 664, 180 Pac. 266.) There is no such inconsistency here.

Defendant filed a motion for a new trial, which was overruled.

It now contends, in the event the judgment of the trial court is not affirmed, a new trial should be ordered, and in support of this contention relies upon *Stanley v. Railway Co.*, 88 Kan. 84, 127 Pac. 620, where it was held:

"Where a defendant against whom a general verdict has been rendered files a motion for a judgment upon the special findings, and also one for a new trial, and the court sustains the motion for judgment in favor of the defendant, and solely because of this ruling denies the motion for a new trial, while finding that the verdict was contrary to the evidence, and upon appeal the order giving judgment for the defendant is reversed, the trial court should then pass upon the motion for a new trial upon its merits." (Syl. ¶ 7.)

There is no finding in this case that the court was dissatisfied with the general verdict, nor with the special findings, except in the one particular specified; that is, he concluded that the two matters specified—the bent step and the greasy step—were so pleaded as to constitute but one negligence. In this the court was in error.

The judgment of the court below will be reversed, with directions to overrule defendant's motion for judgment on the answers to special questions and to enter judgment for plaintiff on the general verdict.