No. 30,427.

RUTH WITTE, *Appellee,* v. HERSHEL HUTCHINS, *Appellant.*

(12 P. 2d 724.)

Opinion filed July 9, 1932.

*Bronce Jackson,* of Lyons, and *Frank U. Russell,* of Hutchinson, for the appellant.

*L. E. Quinlan,* of Lyons, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff recovered a judgment for damages for personal injuries sustained in an automobile casualty, and defendant has appealed.

The facts are substantially as follows: On the evening of September 26, 1930, plaintiff, with her ten-months-old babe, was riding in an Essex coupé with B. A. Kersting, her husband's business associate, who owned and was driving the automobile, going from

Lyons to her home at Hutchinson. They were traveling on a paved state highway. It was after dark and between 7:30 and 8 o'clock in the evening. When nearly four miles south of Lyons they met an automobile coming from the south. As they got almost even with that car plaintiff saw, directly ahead of them, what first looked like a shadow in the road, but which proved to be defendant's unlighted Ford truck, and called "Look out" to Kersting. He saw the object about the same time, applied his brakes and turned his car to the left. The approaching automobile interfered with his turning very far, and before he could stop, his automobile collided with the truck. The right front portion of his automobile collided with the left rear portion of the truck. Plaintiff was injured. She was taken to Lyons and given emergency treatment, and later went to Hutchinson, where she was treated. Her mouth was cut and her face badly scratched with broken glass, a hand and arm were bruised, her knees and shins were cut and bruised, one ankle was badly sprained, and perhaps a bone in it was fractured. It was necessary for her to employ help to look after the house and her baby. She also incurred obligations for medical attention. On December 8, which was as soon as she was able to do so, she went to the home of her parents in St. Louis, and while there had an X-ray made of her ankle.

It is not seriously contended that defendant was not negligent. He was driving his Ford truck without a light of any kind on it along one of the main traveled state highways after night. His conduct was in violation of the statute. (R. S. 1931 Supp. 8-122.) Even if there were no such statute his conduct showed a lack of due care. He lived near this highway, was familiar with it, and his being without lights on his truck was not an accident, for he had operated this truck for some time, perhaps for several years, without lights of any kind.

The principal defense was that plaintiff was guilty of contributory negligence. Under the facts in this case that was a jury question.

Appellant complains of the use in evidence before the jury of the X-ray picture taken at St. Louis. When plaintiff was on the witness stand she identified this picture, and it was marked as an exhibit, and she told the circumstances under which it was taken—that she went to the office of the X-ray expert at St. Louis, whose business

was to do X-ray work for physicians, that he took the X-ray photograph and developed it while she was there and gave it to her, and she brought it to her home in Hutchinson. Plaintiff offered it in evidence. Defendant objected to it, and the court at the time reserved its ruling and later sustained the objection, for the reason that its explanation or analysis would be a subject for expert or medical testimony. Later in the trial the physician who treated plaintiff first after her injury was called as a witness for defendant. His testimony disclosed that, among other things, he did X-ray work, and his qualifications were admitted. He had testified that when he examined plaintiff the ankle was badly swollen and he was unable to tell by feeling of the ankle whether the bone was fractured, and advised her to have an X-ray made of it. He examined the X-ray picture which plaintiff had identified and testified that it showed that the bone had been fractured at some time. We see nothing seriously wrong with this testimony. The only thing material to this case, shown by the X-ray picture, was that one of the bones of the ankle had been broken at some time. Plaintiff had testified without objection that a bone of her ankle had been broken.

Plaintiff had alleged in her petition, among other things, that the acts and conduct of defendant in driving his unlighted truck after night on a much-traveled state highway with which he was familiar were reckless and wanton, and she asked for exemplary as well as for actual damages. She called defendant as a witness and he was interrogated as to his property. Appellant complains of that evidence. When wantonness is charged and there is evidence fairly tending to sustain it the financial ability of defendant is a proper subject of inquiry. (*Winans v. Chapman,* 104 Kan. 664, 180 Pac. 266; *Townsend v. Seefeld,* 102 Kan. 302, 306, 169 Pac. 1157; *White v. White,* 76 Kan. 82, 90 Pac. 1087; 8 R. C. L. 607; 17 C. J. 995.) From the record it is not possible to determine whether the jury allowed anything for exemplary damages. The verdict was for $1,-346.50, which is less than the sum claimed by plaintiff for actual damages. The jury was not asked to itemize damages nor to answer special questions.

Some complaint is made of the instructions of the court. We have carefully examined these and find nothing seriously wrong with them.

The judgment of the court below is affirmed.