No. 34,390

D. E. DENISON, *Appellee*, v. B. G. MANWARREN (VIRGIL STANBAUGH and L. D. MANWARREN), *Appellant.*

(95 P. 2d 256)

Opinion filed November 10, 1939.

*Edwin C. Wilcox* and *J. Howard Wilcox,* both of Anthony, for the appellant.
*Thomas Lee McGuire,* of Sharon, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages to plaintiff's car and for personal injuries sustained by him in an automobile collision alleged to have resulted from defendant's negligence. Defendant's general demurrer to plaintiff's petition was overruled. He has appealed from that ruling and contends the petition shows on its face that plaintiff is barred from recovery because of his own negligence, which contributed to the injuries.

So far as is pertinent here, the allegations of the petition may be summarized as follows: About 7:30 p. m. on September 12, 1938, plaintiff was driving his automobile in a careful and prudent manner and at a speed of about thirty-five miles per hour on the right-hand side of state highway No. 14 at a point about a mile and a half southwest of Hazelton; that defendant owned two trucks, then being operated by his two employees, who were named. These trucks had been driven in the same direction along the same highway, but were stopped, one directly behind the other, on the right-

hand side of the highway, with the left sides of the trucks near the center of the highway and so as to bar the lane of traffic for cars traveling eastward; that neither truck had any headlight, tail-light, or clearance light burning; that neither truck was equipped with a reflector, and that no flares had been set out either in front of, or behind, or at the side of the trucks, as required by law; that as plaintiff approached the trucks a car approached from the opposite direction, the lights of which blinded plaintiff, making it impossible for him to see the full distance of his own light range; that by reason of these facts plaintiff was unable to see the trucks until he was within a short distance of them and too close to stop; that in attempting to avoid a collision with the trucks, or with the approaching car, he swerved his car to the right and into the ditch on the right-hand side of the road; that in doing so the left side of his car collided with the right rear corner of the rear truck, causing damage to plaintiff's car and personal injuries to him, which are more fully described in the petition. Defendant's negligence was more specifically alleged.

In this court appellant concedes, for the purpose of his argument, that defendant was negligent, but argues that the allegations of the petition make it clear that plaintiff also was negligent in a manner which contributed to his injury and damage. We think the point is not well taken. It is well settled that contributory negligence is a defense. It is also well settled that ordinarily it is a jury question. The correctness of these propositions is conceded. Appellant correctly argues that a petition may show the negligence of the plaintiff so clearly that reasonable minds could not differ concerning it, and in such case the question is one of law. We think the allegations of the petition do not bring this case within that rule.

Appellant cites the authorities holding that one traveling in an automobile on the highway at night should travel at such speed and have sufficient control of his automobile that he can see objects in time to stop within the range of his lights, and where the condition of the road, or the weather, or traffic, are unusual in any particular, he should use such care under the circumstances as a reasonably prudent man would do, and if he fails to do so that he is guilty of contributory negligence. The rule contended for by appellant is not as broad nor as universally applicable as appellant argues it to be. In *Meneley v. Montgomery*, 145 Kan. 109, 64 P. 2d 550, the cases were classified and those cited where the rule had been applied and

others cited where the facts did not warrant the application of the rule. There is no occasion here to cite and analyze all the authorities bearing on this question.

Appellant stresses the allegations of the petition to the effect that as plaintiff approached these standing trucks, without knowing them to be there, he was partly blinded by the lights of an oncoming car, and argues that under those facts it was the duty of plaintiff to stop, if necessary, rather than to proceed without being able to see objects distinctly the full distance ahead of him that his lights ordinarily would show him. Standing alone, that would not be sufficient, as a question of law, to establish negligence of plaintiff which would prevent his recovery. (*Witte v. Hutchins*, 135 Kan. 776, 12 P. 2d 724; *Conwill v. Fairmount Creamery Co.*, 136 Kan. 861, 18 P. 2d 193; *Long v. American Employers Ins. Co.*, 148 Kan. 520, 83 P. 2d 674, and the recent case of *Central Surety & Ins. Corporation v. Murphy*, 103 F. 2d 117, which action arose in this state.)

There was no error in the ruling of the trial court and the judgment is affirmed.