No. 48,694

CAROLYN A. CODNER, *Appellee,* v. GORDON O. TOONE, ERMA L.
GILLEY and SKAGGS DRUG CENTERS, INC., doing business as
SKAGGS THRIFTY CITY, *Appellants.*

(581 P.2d 387)

Opinion
filed July 21, 1978.

*Michael R. O'Neal,* of Hodge, Reynolds, Smith, Peirce, and Forker, of Hutch-
inson, argued the cause and *Kenneth E. Peirce,* of the same firm, was with him on
the brief for the appellants.

*R. L. Leslie,* of Hess, Leslie, Berkley, and Granger, of Hutchinson, argued the
cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action to recover damages for false
imprisonment and slander. The plaintiff, Carolyn A. Codner, was
detained for forty minutes in a Hutchinson store of Skaggs Drug
Centers, Inc., on a suspicion of shoplifting. The case was tried to
a jury which brought in a verdict in favor of the plaintiff in the
amount of $5,000 actual damages and $0 punitive damages. The
defendants in the case were Skaggs Drug Centers, Inc., and two
of its employees, Gordon O. Toone and Erma L. Gilley. The
district court entered judgment on the verdict. Defendants have
appealed to this court claiming trial errors.

The facts in the case were somewhat in dispute. The plaintiff, a
housewife, went to the Skaggs store in Hutchinson on July 29,
1975, to purchase a pair of thinning shears and other items. She
obtained a wire basket shopping cart with two levels. She pro-
ceeded directly to the cosmetic area and obtained the thinning
shears from a store employee. According to that employee, Mrs.
Codner placed the shears, which were in a cardboard and plastic
carton, in the lower level of the shopping cart. Shortly thereafter,
the employee observed that plaintiff had moved the shears to the
upper level of the cart close to her open purse. This caused the
store employee to become suspicious. She requested another store
employee, Mrs. Gilley, to watch the plaintiff. Mrs. Codner then

went to another area of the store. Shortly thereafter Mrs. Gilley observed that the thinning shears were no longer in sight in the shopping cart. Then Mrs. Codner checked out of the store without paying for the thinning shears. Plaintiff was apprehended outside the store by the manager, Gordon O. Toone. He asked her where the shears were. Plaintiff stated that she had returned the box and shears to the cosmetic area where she laid them on the counter. Plaintiff agreed to show the manager where she had laid the shears but, when she returned to the cosmetic area, the shears were not there. Toone then requested the plaintiff to accompany him to a back room for the purpose of searching her purse. According to Mrs. Codner, she dumped the contents of her purse on the floor at the request of Toone, showing that she did not have the shears. The store employees testified that the plaintiff voluntarily did so without a prior request from them. Plaintiff was then taken into a back room. She testified that she was compelled to submit to certain indignities, including the partial removal of her clothing, and that she was prevented from going to the rest room. The store employees denied that these indignities occurred. A search of Mrs. Codner failed to disclose the shears. Mr. Toone then called the police, who came to the store. After some discussion with the officers, Mrs. Codner was released. The shears were never found in plaintiff's possession. That same afternoon a box, identified as that which had contained the shears, was found in the ladies' rest room of the store. The basic issue of fact to be tried by the jury was whether the store employees acted reasonably within the law under all the circumstances in detaining the plaintiff in the store. The jury resolved the conflict in evidence in favor of the plaintiff.

The defendants raise several points on the appeal. They first contend that the trial court erred in admitting testimony of plaintiff's good character and reputation in plaintiff's case-in-chief. We do not find this material error. In this state, as a general rule, evidence of good reputation and character is not admissible in plaintiff's case-in-chief in an action for libel or slander unless the reputation or character of the plaintiff has first been attacked by the defendant. We have held, however, that the admission of such evidence is not considered as material error, since such evidence only tends to prove a fact which the law will presume. (*Conrad v. Roberts,* 95 Kan. 180, 147 Pac. 795 [1915].) On the

basis of *Conrad* we hold that the admission of this evidence did not constitute reversible error.

The defendants next maintain that the trial court erred in failing to grant a mistrial because certain testimony, excluded by the court, was published in an article in the Hutchinson News and read by two jurors prior to the verdict. The testimony was offered to show the financial interest of an employee of the drug store who testified in favor of the defendants. In our judgment the excluded testimony mentioned in the news article should have been admitted by the trial court as proper cross-examination and in any event was not of sufficient significance to justify a reversal of the case.

Defendants have numerous complaints as to the instructions given by the court. We have considered all of the instructions carefully and have concluded that, although not artfully drawn, they properly instructed on the basic issues for the jury to determine. The defendants requested an instruction covering the so-called merchant's defense as set forth in K.S.A. 21-3424(3). The instruction requested was essentially that contained in PIK 2d (Civil) 14.09, Shoplifting, Legal Excuse. The requested instruction was in the language of K.S.A. 21-3424(3) which states as follows:

"21-3424. Unlawful restraint.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(3)   Any merchant, his agent or employee, who has probable cause to believe that a person has actual possession of and (a) has wrongfully taken, or (b) is about to wrongfully take merchandise from a mercantile establishment, may detain such person (a) on the premises or (b) in the immediate vicinity thereof, in a reasonable manner and for a reasonable period of time for the purpose of investigating the circumstances of such possession. Such reasonable detention shall not constitute an arrest nor an unlawful restraint."

We agree with the defendants that such an instruction should have been given by the court. We do not agree with counsel for plaintiff that the merchant's defense as set forth in K.S.A. 21-3424(3) is not applicable in a civil action for false imprisonment. However, in this case the trial court's instructions gave to defendants even more protection than they were entitled to under the law. In Instruction No. 7 the jury was instructed that any person, acting as a man of ordinary prudence, who reasonably believes that another has committed a criminal offense has a right to detain that person. In view of this instruction we cannot say

that the defendants were prejudiced by the failure of the trial court to give the instructions requested by defendants.

The defendants also complain that the trial court erred in failing to sustain their motion for a directed verdict at the close of the evidence on the issue of slander. We do not agree. Although essentially the action was one for false imprisonment, plaintiff's evidence showed that she was compelled to empty her purse on the floor in the public area and further that accusations of theft were made against plaintiff by store employees to the police after they were called in. Under all the circumstances we cannot say that the trial court erred in permitting the plaintiff's claim of slander to go to the jury.

Considering the entire record in the case, we have concluded that the defendants had a fair trial. The matter was submitted to the jury under instructions which reasonably set forth the issues to be tried and stated the applicable legal principles to govern the jury's deliberations. The verdict of the jury was supported by the evidence and the trial court, being satisfied with it, entered judgment in favor of plaintiff. We find no reason justifying a reversal and a retrial of the case.

Judgment affirmed.