No. 48,146

JARROLD AYERS, *Appellant,* v. TODD CHRISTIANSEN, *Appellee.*

(564 P.2d 458)

Opin-
ion filed May 14, 1977.

*Robert J. Fleming* of Weir, Angwin & Towner, Pittsburg, argued the cause and was on the brief for appellant.

*R. L. White,* Pittsburg, argued the cause and *Leigh C. Hudson,* Pittsburg, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal by the plaintiff, Jarrold Ayers, in a civil action for battery from a judgment in favor of the defendant, Todd Christiansen.

The events giving rise to this action occurred on the evening of December 9, 1973, at a delicatessen and tavern known as the

Leather Ball in Pittsburg, Kansas. The plaintiff-appellant was a bartender and waiter; the defendant-appellee was a patron. An incident developed during which the defendant struck the plaintiff in the face with a beer glass. The plaintiff subsequently lost his left eye. The police investigated the incident, but no criminal charges were filed. The plaintiff brought a civil action for $200,000 actual damages and $100,000 punitive damages. The defendant's evidence was to the effect that he struck the plaintiff in self-defense to repel an assault initiated by the plaintiff. The jury returned a verdict for the defendant, and the plaintiff has appealed.

The appellant's first specification of error is that the pretrial order of the district court prohibiting reference to a lack of criminal prosecution was violated by defense counsel during his opening statement and during his examination of witnesses.

On October 17, 1974, the plaintiff filed a motion *in limine* seeking to exclude any reference to the fact that the defendant had not been criminally prosecuted. The district court sustained the motion on October 21, 1974, the day before trial commenced. The district court ordered that the defendant's attorney was prohibited from asking questions of any witness or making any reference to a lack of criminal prosecution for the incident civilly complained of.

In his opening statement to the jury, the defendant's counsel stated:

"The evidence will be from the police officers, et cetera, that this was an instantaneous proceeding of getting hit and the reaction of hitting back. . . . [The defendant's] evidence will be that at no time did he attempt to leave the scene, and that he went to the police station as requested. . . . He stayed at the police station until approximately 3:00 o'clock that morning, and that he had no further contact with this matter until this lawsuit was filed."

Following the defendant's opening statement, plaintiff's attorney moved for mistrial contending counsel's comments had violated the district court's order on plaintiff's motion *in limine*. The district court noted that he had heard no reference to criminal prosecution and said he didn't think the comments of counsel necessarily related to criminal prosecution by innuendo. The court took the motion for mistrial under advisement, and the trial proceeded.

The appellant contends the trial testimony of two witnesses

also violated the exclusionary order made pursuant to the order *in limine*. A police investigator, Floyd Bradley, testified that after the evening of the occurrence, he conducted no further investigation into the matter. The defendant testified in his own behalf and was asked the following question:

"After leaving, did you have any further contact with the investigation of this matter?"

The defendant answered:

"No, sir. After we left at 3:00 o'clock, I never heard anything else about the incident at all."

In his motion for new trial, the appellant again raised the point about violation of the pretrial order pursuant to his motion *in limine*. The district court denied the motion for new trial and the motion for mistrial it had taken under advisement. This ruling was essentially a fact determination within the sound discretion of the district court. We cannot say that the court abused its discretion in finding the pretrial exclusionary order made pursuant to plaintiff's motion *in limine* was not violated.

The appellant's second specification of error is that the defendant's counsel was guilty of prejudicial misconduct in suggesting to the jury that the defendant was uninsured. The conduct to which the appellant refers occurred in defense counsel's opening statement and in his questioning of the defendant. Pertinent parts of the opening statement follow:

"[Mr. White, defendant's attorney]: . . . There are things about this case that enable me to likewise tell you that Mr. Christiansen is here in court defending himself on his own. No one is providing any fees or expenses for him.

"Mr Fleming: Judge, I object to that. That is totally improper.

"The Court: Sustained.

"Mr. White: If the Court please, I am entitled to explain the financial circumstances of this man.

"Mr. Fleming: Only for the purpose of touching on punitive damages.

"The Court: I think you are, but I think your statement was an improper statement.

"Mr White: The evidence will be that . . . any payments that are made in this instance on damages are his to make.

"Mr. Fleming: To which I object, Your Honor. This is improper. He is getting close to a mistrial. The only time his financial condition comes into play is in awarding punitive damages. You have already decided that.

"The Court: That is what he is discussing.

"Mr. Fleming: He is saying that they shall consider that in awarding damages.

"Mr. White: If the Court please, I doubt if it is appropriate at this time to discuss

all the ins and outs of actual and punitive damages. Those will be covered in the Court's instructions.

"THE COURT: I think that is true."

## K.S.A. 60-454 provides:

"Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible as tending to prove negligence or other wrongdoing."

It will be noted the statute does not speak to the situation now before this court—the admissibility of evidence that a person was *not* insured. Nevertheless, the weight of authority appears to be that evidence of no insurance or evidence of insurance is equally inadmissible on the issue of fault. *See* Annot., 4 ALR 2d 761 (1949). Rule 411 of the Federal Rules of Evidence makes evidence that a person was or was not insured against liability inadmissible upon the issue of whether he acted negligently or otherwise wrongly. The Advisory Committee Notes following Rule 411 state:

"The courts have with substantial unanimity rejected evidence of liability insurance for the purpose of proving fault, and the absence of liability insurance as proof of lack of fault."

This general rule is bottomed in considerations of relevancy, probative value and prejudice. The inference of fault from the fact of insurance coverage is a tenuous one, as is its converse. Even more importantly, knowledge of the presence or absence of liability insurance may very well induce juries to decide cases on improper grounds. Fed. R. Evid. 411, Advisory Committee Notes; McCormick, Evidence, Sec. 168. In *Stephenson v. Steinhauer*, 188 F. 2d 432, 438 (8th Cir. 1951), it was said:

". . . 'The consideration as to whether or not the defendants are insured is *entirely foreign to the question of negligence; but the fact must be conceded to have a bearing upon the interest of the defendants in the outcome, and to belong to that class of matter which it is proper ordinarily for the jury to consider in weighing the testimony of witnesses. Yet the disadvantage due to its prejudicial tendency is supposed to outweigh the value of the evidence as affecting the credibility and it is for this reason excluded.' "

In *Bott v. Wendler*, 203 Kan. 212, 453 P. 2d 100, we said:

"This court frowns on the practice of using one means or another to suggest to the jury that the defendant is covered by liability insurance. . . . Evidence tending to show that the defendant is covered by liability insurance is generally inadmissible because (1) it is usually irrelevant to any of the issues in the case, and

(2) it may tend to influence jurors to find against defendants or to bring in excessive verdicts."*Id.* at 226, 453 P.2d at 111.

But exceptions to the general rule forbidding admission of evidence concerning the presence or absence of liability insurance have been recognized where evidence of insurance was relevant to some issue other than proving fault or lack thereof. *Dicks v. Cleaver*, 433 F. 2d 248 (5th Cir. 1970), recognized that the general rule must give way on occasions where the fact of insurance has arguably an independent, substantive evidentiary relevance. *Bott v. Wendler*, supra, recognized the general rule is qualified by a number of exceptions, and where the fact of insurance is relevant to issues in the case, it can be shown. Rule 411 of the Federal Rules of Evidence expressly recognizes some of these exceptions:

". . . [P]roof of agency, ownership, or control, or bias or prejudice of a witness."

In the instant case, the parties agreed that the defendant's financial circumstances were relevant and admissible on the issue of punitive damages. In the discussion on plaintiff's motion for mistrial following the defendant's opening statement, the court stated:

". . . On the punitive damage issue, if the evidence is admissible, it goes before the jury, and if it is admissible, he has a right to state it in opening statement, and I think we have all agreed his financial condition is admissible as bearing on punitive damages."

Note, *Survey of Tort Damages*, 14 Washburn L.J. 466, 477 (1975) observes that there are no fixed rules by which the amount of punitive damages is to be measured. Juries should consider the nature, extent and enormity of the wrong, the intent of the party committing it, and generally, all circumstances attending the particular transaction, including any mitigating circumstances which may operate to reduce damages. Among things which can be considered are the amount of actual damages recovered, defendant's financial condition (*Witte v. Hutchins*, 135 Kan. 776, Syl. 3, 12 P. 2d 724; *Winans v. Chapman*, 104 Kan. 664, Syl. 1, 180 Pac. 266; *Townsend v. Seefeld*, 102 Kan. 302, Syl. 5, 169 Pac. 1157) and the litigation's probable expenses.

Here, the plaintiff sought punitive damages. The liability and damage issues were tried together. Evidence of the defendant's

financial condition—of which insurance was a part—was relevant to punitive damages. The jury was instructed that evidence of the defendant's financial circumstances could be considered by them in determining the amount of any punitive damages awarded, but not in awarding actual damages. Under the facts and circumstances of the instant case, we hold that the indirect references made to insurance do not constitute reversible error.

Our decision on the foregoing two points controls other arguments the appellant raises, and it is unnecessary to discuss them.

The judgment is affirmed.

Miller, J., dissenting.