No. 59,959 ■

DAVID HARRIER, *Appellant,* v. JOSEPH GENDEL, M.D., and THE
TOPEKA MEDICAL CENTER, *Appellees.*

(751 P.2d 1038)

Opinion filed March 25, 1988.

*C. Bruce Works,* of Works & Works, P.A., of Topeka, argued the cause and was on the brief for appellant.

*Thomas L. Theis,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, argued the cause, and *Jeffrey W. Jones,* of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This appeal arises out of a medical malpractice suit. A jury returned a verdict in favor of the defendants, and plaintiff Harrier appeals.

Only the procedural facts in the present case are germane to the issues raised on appeal. On July 6, 1981, the plaintiff, David W. Harrier, filed the present personal injury action. Plaintiff's petition alleged that he had received substantial personal injuries as a result of the negligence of medical services by defendants Joseph Gendel, M.D., and The Topeka Medical Center. During the trial of the action before a jury, the Shawnee County District Court ruled that K.S.A. 1987 Supp. 60-3403, the medical malpractice collateral source payments statute, was constitutional and permitted the introduction of evidence relating to collateral source benefits received by the plaintiff.

Upon trial of the matter, the jury returned a special verdict finding no malpractice on the part of the defendants. The plain-

tiff's motion for a new trial was denied on August 29, 1986, and the plaintiff filed a notice of appeal on September 4, 1986. The Court of Appeals issued a show cause order on July 28, 1987, ordering the parties to demonstrate why an order summarily affirming the trial court's decision should not be issued. Both parties responded to the show cause order. On August 20, 1987, the Court of Appeals notified the parties of its decision in the present case: "Affirmed pursuant to Supreme Court Rule 7.041, *Farley v. Engelken*, Case No. 59,314, filed July 17, 1987." The plaintiff's petition for review was granted on November 13, 1987.

The primary issue on appeal is whether the district court erred in permitting the introduction of evidence relating to collateral source benefits received by the plaintiff. The trial court ruled that K.S.A. 1987 Supp. 60-3403 was constitutional, and defendants were permitted to introduce evidence of the collateral source benefits paid to plaintiff from private insurance and social security. The issue of the constitutionality of the statute was raised by plaintiff at trial. At the time of the trial, *Farley v. Engelken*, 241 Kan. 663, 740 P.2d 1058 (1987), was pending before this court and was decided after this case was appealed to the Court of Appeals.

The Court of Appeals proceeded to summarily affirm the decision of the district court pursuant to Supreme Court Rule 7.041. Rule 7.041 provides for the summary disposition of appellate opinions under limited circumstances. The rule provides, in part:

"In any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." (1987 Kan. Ct. R. Annot. 33.)

The case cited by the Court of Appeals in its summary opinion, *Farley v. Engelken*, is not a prior controlling appellate decision which is "dispositive of the appeal." In *Farley*, we held that K.S.A. 1987 Supp. 60-3403, providing for the introduction of evidence relating to collateral source benefits in medical malpractice actions, was unconstitutional. In the present case, the district court's action in allowing the introduction of evidence relating to collateral source benefits was contrary to our holding in *Farley*, and clearly in error. The issue on appeal, therefore, is

whether the error of the district court prejudiced the interests of the plaintiff. The Court of Appeals could only have reached its conclusion that the district court should be affirmed by concluding that *Farley v. Engelken* was *not* controlling in the present action. The decision of the district court was affirmed in spite of this court's opinion in *Farley v. Engelken* and not because of it. Summary disposition of the present case, pursuant to Supreme Court Rule 7.041, was not appropriate in the present case. The Court of Appeals clearly erred in summarily affirming the district court.

We turn to the substantive issue in the present appeal which revolves around the effect of the district court's error in permitting the introduction of evidence concerning collateral source benefits received by the plaintiff.

Prior to the legislature enacting K.S.A. 1987 Supp. 60-3403, this court recognized the common-law collateral source rule to exclude as irrelevant evidence of benefits received by a plaintiff from sources independent of and collateral to the defendant. *Allman v. Holleman,* 233 Kan. 781, Syl. ¶ 8, 667 P.2d 296 (1983); *Ablah v. Eyman,* 188 Kan. 665, 365 P.2d 181 (1961). In *Farley,* we said:

"The primary question presented on appeal is whether 60-3403 violates the equal protection clauses of the Kansas and United States Constitutions and Section 18 of the Kansas Bill of Rights. The statute was enacted in 1985 and abrogates the common-law collateral source rule in 'any medical malpractice liability action.' The collateral source rule is a common-law rule preventing the introduction of certain evidence, summarized in the Restatement (Second) of Torts § 920A (1977), as '[p]ayments made to or benefits conferred on the injured party from other sources [which] are not credited against the tortfeasor's liability although they cover all or a part of the harm for which the tortfeasor is liable.' In *Allman v. Holleman,* 233 Kan. 781, Syl. ¶ 8, 667 P.2d 296 (1983), we stated the rule as:

" 'The collateral source rule provides that benefits received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer.' " 241 Kan. at 665-66.

We proceeded to hold K.S.A. 1987 Supp. 60-3403 unconstitutional and, as a result, collateral source benefits are not admissible in a damage action.

Defendant Dr. Gendel contends that the evidence relating to plaintiff's collateral source benefits related solely to the issue of

damages and that the erroneous introduction of the evidence was harmless, since the jury returned a verdict of no negligence on his part. Plaintiff argues that the introduction of the collateral source benefits evidence was prejudicial, since it might have improperly influenced the jury.

Plaintiff relies in particular upon *Ayers v. Christiansen*, 222 Kan. 225, 564 P.2d 458 (1977). In *Ayers*, we held the introduction of evidence relating to the defendant's insurance status in regard to the issue of fault was irrelevant and prejudicial. We stated that "knowledge of the presence or absence of liability insurance may very well induce juries to decide cases on improper grounds." 222 Kan. at 228. In *Caylor v. Atchison, T. & S. F. Rly. Co.*, 189 Kan. 210, 368 P.2d 281 (1962), this court said:

"This court has repeatedly stressed the impropriety of injecting the question of insurance into damage actions in which insurance companies are not parties, when it is obvious that the purpose is to produce prejudice in the minds of the jurors. Where the offending party secures a verdict and the opposing party makes timely objection, and otherwise has adequately protected the right of review, the offense is regarded as so inherently prejudicial as to require reversal unless unusual circumstances are shown which justify affirmance." 189 Kan. at 214.

The defendant, Dr. Gendel, correctly points out that *Ayers* dealt with the prejudice stemming from the introduction of evidence relating to the insurance status of the defendant. In the present case, the issue involves the prejudicial impact of evidence relating to collateral source benefits received by the plaintiff. The distinction is one without a difference. In *Rexroad v. Kansas Power & Light Co.*, 192 Kan. 343, 388 P.2d 832 (1964), this court held:

"It has been repeatedly held that a plaintiff cannot deliberately inject into a damage suit the fact that the defendant has liability insurance. (See, *Caylor v. Atchison, T. & S. F. Rly. Co.*, 189 Kan. 210, 368 P.2d 281; and cases cited in both the court and dissenting opinions.)

"It is apparent the reason for the rule—that knowledge of the insurance of a defendant will incline the jury toward the case of the plaintiff—has application in reverse. Once it has been established that the plaintiff is a real party in interest, the trial court should exclude evidence of insurance from the case." 192 Kan. at 355.

Defendant argues the error was harmless, since the "collateral source" evidence admitted at trial related only to the issue of damages, and plaintiff failed to show he was prejudiced as to the

issue of liability. The policy concerns underlying this court's decision in *Ayers, Caylor,* and *Rexroad* preclude the conclusion that the district court's error in the present case was necessarily harmless. The same possibility of an improper use of the collateral source benefits evidence exists in the present case. It is impossible to say that the jury's verdict was free from the prejudicial impact of the collateral source benefit evidence. To allow the introduction of evidence that the plaintiff received collateral source benefits is inherently prejudicial and requires reversal.

The judgments of the Court of Appeals and the district court are reversed and the case is remanded to the district court for a new trial.

LOCKETT, J., dissenting: I agree with the majority's statement that evidence that a party received collateral source benefits is not admissible in a trial. *Farley v. Engelken,* 241 Kan. 663, 740 P.2d 1058 (1987). Under the instructions, however, the jury was not required to determine the collateral source issue. First, the jury was instructed to determine whether the defendant, Dr. Gendel, was negligent in his treatment of the plaintiff. If the jury found that the defendant was negligent, only then could it consider the fact that the plaintiff received collateral benefits while determining the compensation due the plaintiff.

The burden is upon the plaintiff to show that jurors disregarded their oath, not as a matter of speculation, but as a demonstrable reality. There must be more than speculation that it was reasonably certain defendant did not receive a fair trial. *State v. Ruebke,* 240 Kan 493, 498-99, 731 P.2d 842 (1987). Where a party claims error in the admission of certain evidence, there is no presumption of prejudice from the introduction of evidence alone; in addition, the party claiming error must also prove that the error prejudiced the party. *Walters v. Hitchcock,* 237 Kan. 31, 35, 697 P.2d 847 (1985).

Unlike the majority, I cannot find that as a matter of law the improper introduction of evidence of collateral source benefits into the trial was so inherently prejudicial that it caused the jurors to disregard their oath and the judge's instructions and to decide the case on an improper ground. It is true the plaintiff did not receive a perfect trial, but he did receive a fair trial. I would affirm the judgment.

McFARLAND, J., joins in the foregoing dissent.