No. 62,210

ARDITH STEINMAN, *Appellee*, v. RUBEN JORGE KRISZTAL, Special Administrator of the Estate of JANICE A. WITWICKI, Deceased, *Appellant*.

(799 P.2d 475)

Opinion filed October 26, 1990.

*Charles D. Kugler*, of Vasos, Kugler & Dickerson, of Kansas City, argued the cause and was on the brief for appellee.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Patrick E. McGrath* and *M. Duane Coyle*, of the same firm, were with him on the briefs for appellant.

The opinion of the court was delivered by

McFARLAND, J.: This is a personal injury action arising from an automobile accident. The defendant admitted liability, and the case was tried on the issue of damages. The jury returned a verdict in favor of the plaintiff in the amount of $24,047. The defendant appealed, asserting four claims of error. The Court of Appeals, in an unpublished opinion filed March 9, 1990, found no reversible error on three of the claimed grounds but held there was reversible error in the plaintiff's cross-examination of

defendant's expert medical witness and remanded the case for a new trial. Plaintiff sought review of the issue on which the reversal and remand were ordered, and her petition for review was granted.

Preliminarily, it should be stated that we have reviewed the three issues in which the Court of Appeals found no reversible error and are satisfied that the Court of Appeals adequately and properly determined the same. This opinion will, accordingly, be confined to the issue on which plaintiff sought review.

The expert witness involved herein was Dr. Joseph Lichtor, an orthopedic surgeon practicing in Kansas City. At the time of the trial herein, Dr. Lichtor had been the subject of exclusion as a witness in *Jones v. Bordman*, a Johnson County case, which was the subject of a then pending interlocutory appeal. Our decision in *Jones* was filed on July 8, 1988, (*Jones v. Bordman*, 243 Kan. 444, 759 P.2d 953 [1988]) some four months after the trial herein. The trial court had excluded Dr. Lichtor after taking judicial notice of a decision of Judge Marion Chipman, who had disqualified Dr. Lichtor as a witness in *Barnett v. Drees*, Johnson County case No. 85-C-4694. Defense counsel herein was aware of these Johnson County events and filed a motion in limine seeking an order precluding plaintiff's counsel from cross-examining Dr. Lichtor relative to his disqualification in *Barnett v. Drees*.

The motion was partially granted by the trial court. Inquiry would be limited to: (1) whether the witness has been disqualified from testifying as an expert witness in any court before; and (2) whether the witness has been disqualified from testifying as a witness. The trial court intended the questions be answered by a yes or no, and there would be no inquiry into the reasons given by the trial court in *Barnett v. Drees* for excluding Dr. Lichtor as a witness. The court and counsel understood the ruling but when Dr. Lichtor took the stand the situation rapidly landed in the proverbial handbasket. The basic determination to be made is whether the ultimate course of the testimony was the result of plaintiff's counsel's disregard of the order in limine or the result of Dr. Lichtor's responses to questions.

In order to make this determination, it is necessary to follow the progression of the testimony. On direct examination by de-

fense counsel, Dr. Lichtor gave his professional credentials, discussed how his practice had changed as the result of advancing years and a bout with cancer, and stated that he now mainly confined his practice to evaluations of people who have been injured. The following question and answer then occured:

"Q. What do you mean by evaluations of people that have been injured?
"A. Well, I do what is called an independent medical examination. I'm asked by an attorney or a company or I'm a consultant for the government. I've done cases for the State of Kansas, the City of Topeka, City of Olathe, of people who have been injured. And they send them to me for an independent medical examination for me to gather all the facts, evaluate the patient and give an opinion, an opinion that is not influenced by whoever is sending it to you or the patient or anybody else, or another doctor."

Dr. Lichtor was then asked if he had done an "independent" evaluation of plaintiff, and he stated that he had. The witness then discussed how he had reached his "independent" opinion relative to plaintiff's condition by examining her and reviewing all of her medical records. He concluded that she had received a few bumps and bruises from the collision which had killed the other driver. When asked to explain plaintiff's complaints of back pain, when he could find no physical reason therefor, the witness discussed compensation-oriented symptoms. The direct examination was then concluded with more statements relative to his extensive experience in forensic medicine and how he was a medical advisor to the federal government and federal judges on Social Security matters.

Cross-examination commenced with extensive interrogation as to Dr. Lichtor's fees for his independent medical evaluations. He was then asked if his qualification to testify as an expert witness had ever been rejected. He replied, "One time." He was asked if this had occurred more than one time. He replied, "Not that I'm aware of or was involved with." Counsel asked him if there were two instances of disqualification. The witness stated that one was not final as the judge therein was "being investigated by the Supreme Court of the State of Kansas." He was then asked about certain findings made in *Barnett v. Drees* tending to show Dr. Lichtor's testimony favored whoever had hired him (these were not identified to the jury as to their source).

Defense counsel objected to a question as to what Judge Chipman had found in his order of disqualification on the basis of hearsay. Plaintiff's counsel stated this inquiry was being made as the result of the witness having repeatedly stressed in his direct testimony that he gave independent evaluations and the witness's unresponsive attacks on Judge Chipman. The following then occurred in a bench conference:

"THE COURT: I'm going to sustain that objection. However, Dr. Lichtor is volunteering in his responses allegations about what findings Judge Chipman did or did not make. If he continues to do that I'm going to allow Mr. Kugler [plaintiff's counsel] more latitude inquiring into the basis of his statements in that regard. I think we need to get away from relitigating or from litigating the issue of Judge Chipman's order. I think it's proper cross-examination to determine that whether he has been excluded from testifying as an expert witness. And that was the substance of my previous order. But I don't want Dr. Lichtor up there trying his complaints against Judge Chipman or anyone else before this jury.

"MR. KUGLER: My only problem is, Judge, I have yet to get him to give me just a straight answer. The fact of Judge Chipman's order was to exclude him from testifying as an expert witness in this case. He has never answered.

"THE COURT: Can counsel stipulate to that, that was the effect?

"MR. HASTY [defendant's counsel]: That's what he said.

"MR. KUGLER: No, he didn't. He has said that Judge Chipman is being investigated. He's filed an appeal. He never answered that question.

"THE COURT: Did that case ever go to trial?

"MR. HASTY: No. It's on appeal.

"THE COURT: Went up on interlocutory appeal?

"MR. HASTY: That's why we moved in limine that the whole thing not be brought up. It's interlocutory.

"MR. KUGLER: It's still an order excluding him from testifying. And it's a valid order. It's not reversed. It's a valid, final order.

"MR. HASTY: It is not a final order. It's on interlocutory appeal. It's not even been tried. It's interlocutory.

"MR. KUGLER: If I just get an answer to my one question, has he been excluded.

"MR. HASTY: If he asks that question again he'll get the same answer: Not on a final basis or not yet. That's the only answer the doctor can give him.

"THE COURT: Counsel, would it be agreeable if we just made a simple statement to the jury that on a prior occasion there was a determination made prior to a trial of the pending matter that Dr. Lichtor was disqualified from testifying as an expert witness in that case; that that decision is on appeal and is not final. Is that agreeable? If those are the points that the

parties agree to I cannot see much point in continuing to argue by the witness and counsel over the point.

"MR. KUGLER: That's fine.

"MR. HASTY: Those facts are true. I cannot stipulate to the jury because I don't want to waive my prior objection that the whole area should not be tried.

"THE COURT: But those facts are true.

"MR. HASTY: Can we take the afternoon recess and tell him what your ruling is and eliminate this? If his complaint is not a straight answer to my question I think, if I understand, he's entitled to that answer and get off of it. And maybe I can tell you—

"THE COURT: I'm not ordering he get off it. But I'm saying the jury has heard just about enough between counsel and the witness on the substance of Judge Chipman's decision. And conclusions that Judge Chipman made in there I think are covered by my prior ruling. I'm either going to allow Mr. Kugler to continue to inquire of the witness. If you feel it would be helpful to advise the witness I don't know what more you can do than to tell him just to answer the questions asked.

"MR. HASTY: Perhaps it will be much shorter if you take the afternoon recess. I'll explain to him and see—

"THE COURT: It's pretty early to take the afternoon recess. But let's make it a short one."

After a brief recess, Dr. Lichtor resumed the stand and the following occurred:

"Q. [By Mr. Kugler] Dr. Lichtor, Judge Chipman excluded you from testifying in his courtroom as an expert witness, didn't he?

"A. Yes.

"Q. And that's the second time. There is a third time in Abilene, Kansas, where you have also not been permitted to examine the plaintiff, isn't there?

"A. Yes."

The cross-examination then proceeded to other areas not at issue herein.

Ruling on whether a pretrial exclusionary order issued pursuant to a motion in limine has been violated is a matter for the sound discretion of the district court. The district court's determination will not be disturbed on appeal absent a clear showing of abuse of discretion. *Ayers v. Christiansen*, 222 Kan. 225, Syl. ¶ 1, 564 P.2d 458 (1977). The district court herein found no violation of its pretrial exclusionary order.

In the direct examination of Dr. Lichtor, the witness presented himself as a sort of super doctor who was rendering totally in-

dependent opinions, free from such bias as might affect lesser physicians. Judge Chipman had found him to be biased in excluding him as a witness. Dr. Lichtor is a controversial figure. It is inevitable that when the super doctor image is invoked by Dr. Lichtor, the image will be challenged.

Further, Dr. Lichtor is obviously a firm believer in the concept that the best defense is a strong offense. Therefore, when under pressure on cross-examination, he attacked Judge Chipman rather than just giving yes or no answers to questions presented. This inevitably led to more questions and answers relative to what Judge Chipman had done. The brief post-recess questions and direct answers previously cited demonstrate how quickly that area could have been covered if direct responses had been made to the questions.

We find no reversible error or abuse of discretion relative to the complained-of cross-examination of Dr. Lichtor.

The judgment of the Court of Appeals reversing the judgment of the district court and remanding the case for a new trial is reversed. The judgment of the district court is affirmed.

SIX, J., concurring in result.

ABBOTT, J., not participating.