GREEN CONSTRUCTION COMPANY, Plaintiff,

v.

The KANSAS POWER AND LIGHT COMPANY, Defendant–Counterclaimant,

v.

SEABOARD SURETY COMPANY and Green Holdings, Inc., Counterclaim–Defendants.

Civ. A. No. 87–2070–S.

United States District Court, D. Kansas.

March 13, 1991.

Frank D. Menghini, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Dale R. Martin, Barokas & Martin, Seattle, Wash., Patrick E. Hartigan, Hartigan & Yanda, P.C., Kansas City, Mo., for Green Const. Co.

Frank B.W. McCollum, Spencer, Fane, Britt & Browne, Kansas City, Mo., John N. Badgerow, Spencer, Fane, Britt & Browne, Overland Park, Kan., for Kansas Power and Light Co.

Stephen J. Dennis, Kristin L. Altice, Kevin E. Glynn, Niewald, Waldeck & Brown, Overland Park, Kan., John P. Ahlers, Barokas & Martin, Seattle, Wash., for Seaboard Sur. Co. and Green Holdings, Inc.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on two post-trial motions of the defendant and counterclaimant Kansas Power and Light Company ("KPL"). In this case, following five weeks of testimony, the jury found in favor of plaintiff Green Construction Company ("Green") on its breach of contract claim and awarded plaintiff a portion of the amount Green sought as "retainage," *i.e.,* "$222,312.56 plus accumulated interest." The jury further found against KPL on its counterclaim for breach of contract against Green and against counterclaim-defendants Seaboard Surety Company ("Seaboard") and Green Holdings, Inc. ("Green Holdings"). KPL has filed a motion for judgment notwithstanding the verdict, or alternatively, for a new trial pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. KPL has also filed a motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. After

thoroughly reviewing these matters, the court is now prepared to rule.

## I. KPL'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE FOR A NEW TRIAL PURSUANT TO RULE 50(b).

■ In reviewing a motion for judgment notwithstanding the verdict, the district court may grant the motion only if the facts and inferences in the case point so strongly and overwhelmingly in favor of the moving party that the court should find that reasonable persons could not arrive at a contrary verdict. *Downie v. Abex Corp.,* 741 F.2d 1235, 1238 (10th Cir.1984). The question is not whether there exists no evidence supporting the party against whom the motion is directed, but instead whether there is any evidence on which the jury could properly find a verdict for that party. *K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1163 (10th Cir.1985). Furthermore, the trial judge must consider all the evidence and the reasonable inferences from the evidence in the light most favorable to the non-moving party. *Downie,* 741 F.2d at 1238.

■ In its motion, KPL contends that the substantial weight of the evidence supports the conclusion that plaintiff breached its contract with KPL, and thus, KPL asserts it is entitled to a judgment notwithstanding the verdict. Initially, the court notes that KPL did not move for a directed verdict on its claim for breach of contract or on Green's claim for retainage. Thus, KPL did not preserve its right to file a motion for judgment notwithstanding the verdict on these claims. Fed.R.Civ.P. 50(a). *See also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2533 at 579. Nonetheless, the court finds that even if KPL had filed a motion for a directed verdict on its claim for breach of contract, KPL is not entitled to judgment notwithstanding the verdict.

---

1. Furthermore, because KPL is not entitled to a judgment notwithstanding the verdict on its breach of contract claim, the court finds that it need not reach KPL's motion for a judgment

In viewing the evidence in the light most favorable to plaintiff, the court finds that sufficient evidence exists from which a trier of fact could find for the plaintiff. KPL's primary assertion in its motion for judgment notwithstanding the verdict is that "overwhelming" evidence existed that Green breached the specific provisions of the parties' contract. KPL cites the court's jury instruction No. 10 which defines the elements of a breach of contract claim. KPL proceeds to argue that each element of a breach of contract claim has been satisfied in favor of KPL by overwhelming evidence.

The court, however, finds that evidence was presented from which the jury could conclude that specific violations of the contractual specifications were not the cause of KPL's damages. Therefore, KPL's motion for a judgment notwithstanding the verdict on KPL's breach of contract claim cannot be granted.[1] *See Sutton v. Southwest Forest Indus., Inc.,* 643 F.Supp. 662, 664 (D.Kan.1986) (motion for a judgment notwithstanding the verdict may not be granted "unless the evidence points one way and is susceptible to no reasonable inference which may sustain the position of the party against whom the motion is made") (citation omitted). Further, the court finds that evidence was presented upon which a jury could find that KPL breached its contract by withholding Green's retainage payment upon completion of the dam. Thus, KPL's motion for judgment notwithstanding the verdict must be denied with respect to Green's claim for breach of contract.

## II. KPL'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 59(a).

■ KPL also moves the court for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. Generally, motions for new trial are committed to the discretion of the district court. *McDonough Power Equip., Inc. v. Green-*

notwithstanding the verdict on the secondary liability of Seaboard or on the liability of Green Holdings as an alleged alter ego of Green.

*wood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman*, 740 F.2d 1476, 1491 (10th Cir.1984). In reviewing a motion for new trial, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip.*, 464 U.S. at 553, 104 S.Ct. at 848. "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir.1983). The alleged trial court errors must be prejudicial and clearly erroneous, rather than harmless. Also, no error in the admission or exclusion of evidence, and no error in any ruling or order of the trial court or anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.*, 571 F.2d 1144, 1148–49 (10th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978); Fed.R.Civ.P. 61.

In its motion, KPL asserts that it is entitled to a new trial because it has been prejudiced by several evidentiary errors during the trial. First, KPL challenges the admission of evidence concerning the existence of an "all-risk" insurance policy which KPL had purchased pursuant to the parties' agreement. Secondly, KPL challenges the admission of several exhibits which it contends were erroneously admitted over its objections. Thirdly, KPL challenges the court's denial of its motion *in limine* to limit the number of expert witnesses who may testify on behalf of each party. Finally, KPL challenges the court's refusal to realign the parties on January 10, 1990, so that KPL would become the plaintiff.

A. Admission of Evidence Involving the "All–Risk" Insurance Policy.

KPL now asserts that the court erred in denying its motion *in limine* to exclude all evidence relating to the existence of an "all-risk" insurance policy. The court finds KPL's contention is without merit. While the court did not state its reason for denying KPL's motion *in limine*, the court based its ruling upon the potential that the existence of the insurance policy had independent legal relevance as a material term of the contract in dispute. Further, the court did not wish to exclude evidence of a material term of the contract in a breach of contract action without having the benefit of the evidence presented at trial. Finally, the court finds that KPL failed to adequately renew its objection during the trial, so that the court could properly reconsider its prior ruling in the context of the evidence presented at trial.

In determining the admissibility of evidence in diversity cases such as this, the normal rule is that the Federal Rules of Evidence apply except with regard to issues involving special substantive state policies, *e.g.*, the collateral source rule and the parol evidence rule. *In re Air Crash*, 803 F.2d 304, 308 (7th Cir.1986) ("a federal court sitting in diversity must apply the collateral source rule of the state whose law governs the case") (citation omitted); *Baker v. Rapport*, 453 F.2d 1141, 1142 (1st Cir.1972) (law of forum controls applicability of parol evidence rule). Because the admissibility of an insurance policy may involve state substantive policies, the court will consider the issue of admissibility under both Kansas and federal law.[2]

Generally, the admissibility of an insurance policy arises in the context of tort claims. Both Kansas law and the Federal Rules of Evidence specifically address the admissibility of liability insurance in such contexts. *See* Fed.R.Evid. 411 and K.S.A. 60–454. While evidence of the existence of liability insurance is not admissible as tending to prove negligence or other wrongdoing, it may be admissible for other purposes, "where the fact of insurance has arguably an independent, substantive evidentiary relevance." *Ayers v. Christian-*

---

**2.** Both parties have briefed this issue as if Kansas law controlled the admissibility of the insurance policy.

*sen,* 222 Kan. 225, 564 P.2d 458, 461 (1977) (citing *Bott v. Wendler,* 203 Kan. 212, 453 P.2d 100 (1969) and *Dicks v. Cleaver,* 433 F.2d 248 (5th Cir.1970)). Not only does this rule protect the tortfeasor from being prejudiced by the fact that he has insurance coverage, it also protects the plaintiff from the introduction of evidence revealing collateral payments. However, the present case does not involve liability insurance, nor does it involve tortious behavior. This is a breach of contract action. This court has not discovered any Kansas cases which discuss the admissibility of insurance policies in breach of contract actions. However, upon consideration of this matter, the court finds that the collateral source rule does not bar the admissibility of the "all-risk" insurance policy in this case. As stated by the California Court of Appeals,

> The collateral source rule is punitive; contractual damages are compensatory. The collateral source rule, if applied to an action based on breach of contract, would violate the contractual damage rule that no one shall profit more from the breach of an obligation than from its full performance.

*Patent Scaffolding Co. v. William Simpson Constr. Co.,* 256 Cal.App.2d 506, 64 Cal.Rptr. 187, 191 (1967). *See also, United Protective Workers v. Ford Motor Co.,* 223 F.2d 49, 53–54 (7th Cir.1955); *Dehnart v. Waukesha Brewing Co.,* 21 Wis.2d 583, 124 N.W.2d 664, 670 (1963); and Restatement (Second) of Contracts § 247 commente e.[3] In support of its argument that the court's ruling was erroneous, defendant cites numerous cases.[4] However, all of these sound in tort. Thus, the court finds the cases cited by defendant to be inapposite.

The court finds the cases cited by plaintiff which involve bailment disputes to be more analogous to the present breach of contract case because of the contractual nature of the bailment relationship. In *Beechwoods Flying Serv., Inc. v. Al Hamilton Contracting Corp.,* 504 Pa. 618, 476 A.2d 350, 353 (1984), the court stated, "evidence of insurance is admissible in a bailment case where the procurement of such was an element of the bailment contract." This court further stated,

> [i]n the context of this case appellants' reliance on the 'collateral source' rule ... is misplaced. Those rules are intended to prevent a wrongdoer from taking advantage of the fortuitous existence of a collateral remedy. In this case, however, the putative wrongdoer attempted no more than to enforce his claimed contractual rights.

Similarly, the contract at issue here involves an allocation of risk between the parties. Thus, the specific risks which each party contracted to undertake are relevant to a breach of contract action arising out of the parties' agreement. Thus, this court's denial of KPL's motion *in limine* to exclude all reference to a material provision of the parties' contract, *i.e.,* the contractual clause which provided that KPL was to maintain an "all-risk" insurance policy, was not erroneous as the contractual provision had potentially independent relevance as a material provision of the contract in dispute. This independent relevance is highlighted by the fact that prior to the trial, the mechanism for failure of the dam had not been determined. Thus, there was more than a slight possibility that such loss would be covered by an "all-risk" insurance policy.

Furthermore, the court does not find that testimony involving the existence of the "all-risk" insurance policy prejudiced KPL such that it affected KPL's substantial rights. KPL was able to elicit testimony

---

**3.** In contrast, see Restatement (Second) of Torts § 920A comment b ("[i]t is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor.... Perhaps there is an element of punishment of the wrongdoer involved.").

**4.** KPL cites *Rozark Farms, Inc. v. Ozark Border Elec. Coop.,* 849 F.2d 306, 307–08 (8th Cir.1988); *Majestic v. Louisville & N.R. Co.,* 147 F.2d 621, 626 (6th Cir.1945); *Southern v. Plumb Tools,* 696 F.2d 1321, 1323 (11th Cir.1983); *Cotter v. McKinney,* 309 F.2d 447, 451 (7th Cir.1962); *Baxter v. Browning Arms Co.,* 739 F.2d 318 (8th Cir.1984); and *In re Air Crash,* 803 F.2d 304, 309 (7th Cir.1986).

that if, in fact, Green breached the contract, the insurance policy would not cover KPL's losses. Indeed, KPL presented testimony that the insurance policy contained an exclusion for faulty workmanship which would prohibit any collateral recovery from a distant third party or insurance company for losses resulting from faulty workmanship. Thus, KPL was able to counter any impressions that regardless of a breach of contract or faulty workmanship by Green, KPL could recover on the "all-risk" insurance policy.

Finally, the court notes that subsequent to the court's denial of KPL's motion *in limine*, KPL failed to adequately renew its objection to references to the existence of insurance. Upon this court's review of the record,[5] the only objection which KPL lodged during the course of the trial on the specific grounds raised in its motion *in limine*, was an objection to a proffer made by Green outside the presence of the jury. Specifically, Green sought to introduce testimony that the losses which KPL incurred were covered by the "all-risk" policy. KPL objected on the grounds stated in its motion *in limine*. The court sustained KPL's objection, and this evidence did not go to the jury. The court further notes that this objection was made on the last day of a five-week trial. The Tenth Circuit Court of Appeals has recently stated,

> [a] party whose motion in limine has been overruled must nevertheless object when the error he sought to prevent occurs at trial. Only by specific, timely trial objection can the trial court entertain reconsideration of the grounds of the motion in light of the actual trial testimony and the surrounding circumstances developed at trial.

*McEwen v. City of Norman, Oklahoma,* 926 F.2d 1539 (10th Cir.1991). The court further notes that KPL did not request a curative or limiting instruction with respect to the admission of the insurance policy. Moreover, KPL did not object to the instructions contained in the jury charge on grounds that they contained no limiting or

curative instruction on the admissibility of the insurance policy. The court finds that both of these omissions indicate that KPL was not overly concerned with any alleged prejudicial effect at a time when the court could have acted to remedy such prejudice. Upon review, this court finds that admission of evidence involving the "all-risk" insurance policy did not prejudice KPL's substantial rights or affect the essential fairness of the trial. Thus, the court will deny KPL's motion for a new trial on grounds that it was prejudiced by the admission of evidence of the existence of an insurance policy.

### B. ADMISSION INTO EVIDENCE OF SPECIFIC EXHIBITS.

■ KPL next contends that it was unfairly prejudiced by the surprise introduction of two exhibits. At trial, KPL challenged the admissibility of exhibits 99b and 99a on grounds that these were not produced to KPL until the Friday of the week preceding the commencement of trial. Thus, KPL contends that plaintiff's exhibits 99b and 99a were erroneously admitted. The court finds that KPL's contentions in this regard are without merit. Surprise is not generally a recognized ground for excluding evidence under the Federal Rules of Evidence. *See* Fed.R.Evid. 403. Moreover, the court finds that KPL had sufficient time to review these exhibits as they were produced before the trial began and were not introduced into evidence until five weeks later. Thus, the court finds that KPL did have sufficient opportunity to review the exhibits and to formulate substantive objections. Accordingly, the court finds that KPL waived the additional grounds of objection which it now seeks to raise in its motion for a new trial. As the Tenth Circuit Court of Appeals has stated,

> [a] few basic principles apply to all evidentiary challenges on appeal. To preserve an evidentiary challenge for appeal, the opponent of the evidence must insure that the trial record reflects 'a

5. This court's review of the record has been conducted without the benefit of a trial transcript.

timely objection ... stating the specific ground of objection, if the specific ground is not apparent from the context.' Fed.R.Evid. 103(a).... The specific ground for reversal of an evidentiary ruling on appeal must be the same as that raised at trial.... Moreover, '[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected....' Fed.R.Evid. 103(a).

*Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1331 (10th Cir.1984) (citations omitted). Thus, not having previously raised the grounds which KPL currently seeks to raise in its motion for a new trial, KPL is foreclosed from asserting these grounds at this time. Finally, the court finds even if the admission of these exhibits into evidence were erroneous, any prejudice which may have resulted did not rise to the level that it affected any substantial rights of KPL. Accordingly, the court will deny KPL's motion for a new trial on grounds that the admission of plaintiff's exhibits 99b and 99a constituted prejudicial error.

■ Finally, KPL asserts that the admission of plaintiff's exhibit 603 was erroneous and constituted prejudicial error. The basis of KPL's objection was that exhibit 603 is misleading because it excerpts from the parties' entire contract only a portion of a contractual provision. Specifically, Green's excerpt deleted the following language: "Inspection shall not relieve the contractor from any obligation to furnish the equipment and materials strictly in accordance with the CONTRACT DOCUMENTS."

The court finds that the admission of plaintiff's exhibit 603 over KPL's objection did not constitute prejudicial error. The court notes that the whole contractual provision was admitted into evidence along with the entire contract as plaintiff's exhibit 38. Additionally, KPL was able to point out that this was not the entire contractual provision; therefore, KPL was able to cure any prejudice which may have resulted. Thus, the court finds that KPL's substantial rights were not prejudiced.

### C. CUMULATIVE EXPERT TESTIMONY.

KPL further contends that the court erred in denying its motion *in limine* to limit expert testimony. The court finds this assertion is without merit. Upon a review of the record and the court's docket sheet, the court finds that this motion was never considered by this court. KPL alleges that it filed its motion on July 24, 1989, to limit the number of expert witnesses which Green would be able to call during trial. However, this motion which KPL contends the court erroneously denied was withdrawn by KPL as was noted by Magistrate Rushfelt in his Memorandum and Order filed January 10, 1990. Further, this motion was not renewed prior to trial.[6] Thus, the court finds no basis for KPL's contention that the court erred in denying its motion *in limine* to limit the number of expert witnesses.

Finally, and without the benefit of a trial transcript, the court does not recall any further objections to expert testimony on the basis that such testimony was cumulative. However, if such objections were raised and overruled, the court does not find that it committed prejudicial error. Whether to exclude evidence pursuant to Rule 403 of the Federal Rules of Evidence is within the discretion of this court. *See C.A. Assoc. v. Dow Chemical Co.*, 918 F.2d 1485, 1489 (10th Cir.1990). Further, in lengthy trials, such as this, the court should be afforded even greater deference.

---

6. Indeed, the only motion *in limine* which related to expert testimony was a motion *in limine* to preclude two potential expert witnesses, Bob James and James Mahar from testifying on behalf of Green. The primary basis for KPL's motion was that these witnesses were designated as expert witnesses one month later than the parties originally agreed. However, this argument was undermined by the fact that the trial was continued, and thus, KPL had an additional four months during which to conduct additional discovery of these potential expert witnesses. Further, the court's official records reflect that James Mahar was never called to testify. Based upon the foregoing, the court finds that it did not err in denying KPL's motion to preclude testimony from James Mahar and Bob James.

*Id.* Having considered KPL's arguments, the court does not find that it erred in admitting the expert testimony of plaintiff's witnesses. Further, KPL has not demonstrated that its substantial rights were prejudiced.

### D. DENIAL OF KPL'S MOTION FOR REALIGNMENT OF THE PARTIES.

 KPL next challenges the denial of its motion for realignment of the parties. On January 10, 1990, Magistrate Rushfelt denied KPL's motion for realignment of the parties. KPL now asserts that this denial amounted to prejudicial error. The court finds that KPL's challenge to Magistrate's Rushfelt's ruling is untimely. Rule 72(a) of the Federal Rules of Civil Procedure provides:

> The district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.

Thus, KPL should have challenged Magistrate Rushfelt's ruling in January of 1990. Fed.R.Civ.P. 72(a). Thus, there simply is no basis for finding error in this regard.[7]

### E. WEIGHT OF THE EVIDENCE.

KPL's final contention is that it is entitled to a new trial because the verdict was against the weight of the evidence. Upon a review of the record, the court incorporates herein its findings as previously set forth in Section I above. Thus, the court finds that KPL is not entitled to a new trial on grounds that the verdict was against weight of the evidence.

IT IS BY THE COURT THEREFORE ORDERED that the motion of the defendant Kansas Power and Light Company for a judgment notwithstanding the verdict, or in the alternative, for a new trial is hereby denied. (Doc. 603).

IT IS FURTHER ORDERED that the motion of Kansas Power and Light Company for a new trial is hereby denied. (Doc. 607).

---

**7.** Furthermore, the court finds that Green is properly aligned as the plaintiff because it had an affirmative claim for breach of contract. KPL's refusal to pay out any retainage owed to Green constitutes a breach of contract claim. Further, KPL's contention that it did not owe any retainage because Green breached the parties' contract is an affirmative defense to Green's claim. Thus, the court finds no substantive basis for KPL's contention that the parties were not properly aligned.